## The State *versus* Solomon Bruce.

Where there are two counts in an indictment, properly joined, and the respondent is found guilty on both, the attorney for the State may afterwards, before judgment, enter a *nolle prosequi* as to one of the counts.

It is not competent for the respondent to prove on the trial of an indictment, that a witness, introduced by the attorney for the State, " bore a notoriously infamous character."

On the trial of an indictment wherein the accused is charged with having obtained property of a witness by means of threats, testimony to prove that the same property was afterwards found, " in a concealed state in the dwellinghouse of" the accused, is admissible, as it might have a tendency to corroborate the testimony of the witness by satisfying the jury, that the respondent was conscious of having improperly obtained it.

An instruction to the jury, on such trial, that if the threats were maliciously made, with intent thereby to extort the property from the owner, it was immaterial whether they did or did not produce any effect upon the mind of such owner, is correct; as the offence consists in maliciously threatening to accuse one of an offence, or to injure his person or property, with intent to extort money or pecuniary advantage, or with intent to compel him to do an act against his will.

A person whose property has been stolen, has himself no power to punish the thief without process of law, and cannot claim the right to obtain compensation for the loss of his property by maliciously threatening to accuse him of the offence, or to do an injury to his person or property, with intent to extort property from him.

This was an indictment, it would seem, under the twenty-sixth section of Rev. Stat. c. 154. The indictment is referred to in the bill of exceptions, but no copy is found in the papers, and the bill does not show the offence charged, further than may be implied from the requests for instruction, and the instructions given. The opinion of the Court gives all the material portions of the exceptions.

*D. C. Weston & Pike*, for Bruce.

*Paine*, County Attorney, for the State.

The opinion of the Court was by

Shepley J. — It appears from the bill of exceptions, that on the trial of the defendant upon an indictment, containing two counts, he was found guilty upon the first and not guilty

The State *v.* Bruce.

upon the second count. It states, that, " at the same term, on motion of the defendant and by consent of the county attorney, the Court ordered, that the verdict be set aside and a new trial granted."

The defendant having been put upon his trial again at a subsequent term, contended that he could not be tried again upon the second count. The Court decided otherwise ; and he was upon the last trial found guilty upon both counts. The attorney for the State, at the argument, entered a *nolle prosequi* as to the second count. This he might do ; and the defendant cannot be injured by those proceedings unless they had an unfavorable influence upon his trial on the first count. *State* v. *Whittier*, 8 Shepl. 341. It does not appear from the bill of exceptions, that they could have had any such influence ; for all the instructions complained of are stated to have had reference to the first count only. It is not therefore necessary to inquire, whether the defendant was or not properly put upon his trial upon both counts, after the first verdict had been set aside without limitation and by consent.

The testimony offered to prove, that a witness introduced by the government, " bore a notoriously infamous character," was properly excluded. *Phillips* v. *Kingfield*, 1 Appl. 375.

The testimony to prove, " that some of the property, which the defendant was charged with having obtained by means of threats from Lyon, was afterwards found in a concealed state in the dwellinghouse of said Bruce," was properly admitted. It might have a tendency to corroborate the testimony of the witness by satisfying the jury, that the defendant was conscious of having improperly obtained it.

The instructions, " that if the threats were maliciously made with intent thereby to extort the property from Lyon, it was immaterial, whether they did or did not produce any effect upon the mind of Lyon," were correct. The offence is not made by the statute, c. 154, § 26, to consist in the effect, which the threats may have had upon the person, or in the fact, that property was thereby obtained ; but in maliciously threatening to accuse him of an offence, or to injure his person

or property, with intent to extort money or pecuniary advantage, or with intent to compel him to do an act against his will.

The instructions, "that if the defendant made the threat maliciously and with intent thereby to extort property from Lyon, it was not essential in the case, whether the said Lyon had been caught by the said Bruce in the act of stealing the property of the said Bruce or not," were also correct. A person whose property has been stolen cannot claim the right to punish the thief himself without process of law, and to make him compensate him for the loss of his property by maliciously threatening to accuse him of the offence, or to do an injury to his person or property, with intent to extort property from him. A threat made by one, whose goods had been stolen, that he would prosecute the supposed thief for the offence, if there were grounds to suspect him to be guilty, could not be considered as made maliciously and with intent to extort property, unless there were other proofs of malice and intended extortion. Nor do the instructions so state. The testimony to prove the malice and intended extortion is not presented; and it must be presumed to have been sufficient and satisfactory, especially after the defendant has been found guilty by two juries.

*Exceptions overruled.*