**Michael G. WOODWARD, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 1300.

Court of Appeals of Alaska.

June 25, 1993.

Arthur Lyle Robson, Fairbanks, for appellant.

Eric A. Johnson, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Michael G. Woodward was convicted of extortion, in violation of AS 11.41.520, following a jury trial presided over by Superior Court Judge Jay Hodges. Woodward appeals, contending that Judge Hodges erred in refusing to instruct the jury on Woodward's claim-of-right defense and in precluding Woodward from presenting evidence of selective prosecution to the jury. We affirm.

Woodward was convicted of extortion for threatening to physically injure George Cooper unless Cooper paid Woodward $8,000. Woodward's wife had loaned $8,000 to a man named Mike Lyle. When Lyle was ready to pay the loan back, he went to a Fairbanks bar called the Lonely Lady, where Woodward's wife worked. Woodward's wife was not there, so Lyle left the money with Cooper, who also worked at the Lonely Lady; Cooper agreed to give the money to Woodward's wife. Instead of giving the money to Woodward's wife, however, Cooper evidently spent it himself. After Woodward learned that Lyle had paid Cooper the money but that Cooper had failed to give it to Woodward's wife, Woodward demanded $8,000 from Cooper, threatening to break Cooper's legs if he failed to pay. Cooper reported the threat to the police. The following day, Cooper made a partial payment to Woodward. The transaction was monitored by the police, who arrested Woodward immediately afterward.

Woodward was charged with extortion in violation of AS 11.41.520(a)(1), which reads, in relevant part:

(a) A person commits the crime of extortion if the person obtains the property of another by threatening or suggesting that either that person or another may

(1) inflict physical injury on anyone[.]

At trial, Woodward unsuccessfully sought to have the jury instructed to acquit him if it found that Cooper actually owed Woodward the money Woodward demanded. Woodward argued that if Cooper actually owed Woodward $8,000, Woodward had not "obtain[ed] the property of another," as required under AS 11.41.520(a)(1). Judge Hodges found this argument unpersuasive and instructed the jury that Woodward's claim of right to money from Cooper was not a defense to the extortion charge. The jury convicted Woodward.

Woodward renews his argument on appeal, insisting that he could not properly be convicted of using threats to obtain the property of another, since he was merely trying to regain his own money. Woodward likens his case to one in which use of force is permitted in defense of property. *See* AS 11.81.350(a) (allowing use of non-

deadly force when necessary to terminate the commission or attempted commission of an unlawful taking).

■ Woodward's argument is not persuasive. Although the Model Penal Code proposed, some time ago, that a person who obtained property by threatening physical injury be allowed to defend against a charge of extortion by establishing a claim of right to the property,[1] the Code's proposal has failed to gain broad acceptance, and it represents the minority view.[2]

The Model Penal Code's proposed claim-of-right defense to extortion appears integral to the Code's view of extortion as a crime against property. The Code named the offense of extortion "theft by extortion" and classed it as one of several forms of theft included in its consolidated theft provision.[3] All forms of theft were governed by the Code's general claim-of-right defense.[4] In the Code's view, a good faith claim of right negates the intent to steal, thereby precluding conviction of any form of theft, including theft by extortion. When the conduct involved in a theft by extortion is itself offensive, the Code would punish it separately, under provisions governing assault, reckless endangerment, or criminal coercion.[5]

**1.** *See* Model Penal Code § 223.4, commentary at 211 (1980).

**2.** *See* Model Penal Code § 223.4, commentary at 212 & n. 32 (1980).

**3.** *See* Model Penal Code § 223.4, and commentary (1980).

**4.** The Code's claim-of-right provision for theft offenses is set forth as follows:
    (3) *Claim of Right.* It is an affirmative defense to prosecution for theft that the actor:
    (a) was unaware that the property or service was that of another; or
    (b) acted under an honest claim of right to the property or service involved or that he had a right to acquire or dispose of it as he did; or
    (c) took property exposed for sale, intending to purchase and pay for it promptly, or reasonably believing that the owner, if present, would have consented.
Model Penal Code § 223.1(3) (1980).

**5.** *See* Model Penal Code § 223.4, commentary at 211–12 (1980):

■ The majority view, in contrast, is that extortion is a crime against the person, not against property. Under the law of most states, and under federal law as interpreted by all but one of the circuit courts that have considered the issue, a person accused of extortion by threats of physical injury may not assert, as a defense to the charge, a claim of right to the property that was the subject of the extortion. *See United States v. Castor*, 937 F.2d 293, 299 (7th Cir.1991) (citing federal cases); *United States v. Zappola*, 677 F.2d 264, 268–69 (2d Cir.1982).

The majority view reflects the traditional view of extortion. *United States v. Zappola*, 677 F.2d at 268. It is a view founded on sound policy:

A person whose property has been stolen cannot claim the right to punish the thief himself without process of law, and to make him compensate him for the loss of his property by maliciously threatening to ... do an injury to his person or property, with intent to extort property from him.

*State v. Bruce*, 24 Me. 71 (1844), *quoted in United States v. Zappola*, 677 F.2d at 268; *accord People v. Serrano*, 11 Cal.App.4th 1672, 15 Cal.Rptr.2d 305, 307–08 (1992); *cf.*

Some recent enactments and proposals have excluded claim-of-right situations from threats to do personal injury or commit a crime, on the ground that such conduct is never to be tolerated. The view of the Model Code, however, is that statutes dealing with improper acquisitive behavior should be inapplicable to cases where the actor's method of obtaining property is objectionable but his objective is not. Thus, for example, a person who believes himself entitled to money or other property from another, such as unpaid wages, should not be guilty of extortion if he uses threat of bodily injury or other crime to collect the money believed to be due and if he honestly believes that he has a right to acquire the property by the method employed. Instead, such conduct should be dealt with under the provisions of Articles 211 and 212. Thus, an actor who commits the offense of assault, reckless endangerment, or criminal coercion is not immunized because he sought to employ such techniques to enforce an honest claim to property, even though he may have a claim-of-right defense to extortion. *Id.* (footnote omitted).

*Jurco v. State,* 825 P.2d 909, 911–15 (Alaska App.1992).

In adopting Alaska's current extortion statute, the legislature adhered to the majority view of the offense.[6] The current extortion statute was adopted by the legislature in 1978, as part of the Alaska Revised Criminal Code.[7] The Revised Code's forerunner, the Tentative Draft of the Revised Alaska Criminal Code, followed the Model Penal Code's approach and classified extortion as an offense against property, grouping it with theft offenses.[8] Like the Model Penal Code, the Tentative Draft also included a claim-of-right defense that was generally applicable to all forms of theft.[9] Nevertheless, unlike the Model Penal Code, the Tentative Draft regarded extortion as a distinct offense from theft. Analogizing extortion to robbery, the Tentative Draft specifically excluded it from the general claim-of-right defense to theft.[10]

When the Alaska Legislature adopted the Revised Code, it made the Tentative Draft's intent even clearer, by reclassifying extortion as an offense against the person and grouping it with robbery and coercion rather than with theft offenses.[11] No claim-of-right provision exists for this group of offenses. The extortion statute itself builds in a claim-of-right provision, but a narrow one. Subsection (a) of AS 11.41.520 describes seven distinct types of threat that will support an extortion charge:

(a) A person commits the crime of extortion if the person obtains the property of another by threatening or suggesting that either that person or another may

(1) inflict physical injury on anyone, except under circumstances constituting robbery in any degree, or commit any other crime;

(2) accuse anyone of a crime;

(3) expose confidential information or a secret, whether true or false, tending to subject a person to hatred, contempt, or ridicule or to impair the person's credit or business repute;

(4) take or withhold action as a public servant or cause a public servant to take or withhold action;

(5) bring about or continue a strike, boycott, or other collective unofficial action, if the property is not demanded or received for the benefit of the group in whose interest the person making the threat or suggestion purports to act;

(6) testify or provide information or withhold testimony or information with respect to a person's legal claim or defense; or

(7) inflict any other harm which would not benefit the person making the threat or suggestion.

---

**6.** Alaska's previous extortion statute, former AS 11.20.345, also seems to have been consistent with the majority view. Former AS 11.20.-345(d) included a limited claim-of-right defense—similar to that currently contained in AS 11.41.520(c)—which applied to certain types of threat but did not extend to threats of physical injury.

**7.** *See* ch. 166, § 3, SLA 1978.

**8.** *See* Alaska Criminal Code Revision Part III, at 36–38 (Tent.Draft 1977).

**9.** *See* Alaska Criminal Code Revision Part III, at 23–24 (Tent.Draft 1977).

**10.** As stated in the Tentative Draft:

While some recent code revisions have included theft by extortion within a consolidated theft statute, extortion, by reason of its closer analogy to robbery, is subject to a higher penalty than other forms of theft. Consequently, though technically part of a consolidated theft statute, exemptions are made which have the effect of removing it from the statute....

Because extortion carries a heavier penalty than theft, and because defenses which apply to theft are inapplicable to extortion (i.e., claim of right), the Revised Code treats extortion as a separate crime.
Alaska Criminal Code Revision Part III, at 37 (Tent.Draft 1977).

**11.** *See* AS 11.41.500–.530. In its commentary to the extortion statute, the legislature made clear its view that extortion was a crime against the person and not one against property, expressly noting:

Extortion is a class B felony regardless of the value of the property that was obtained. In this regard, extortion differs from the theft provisions by not making the classification dependent on the value of the property.
Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 28–29, 1978 Senate Journal 1414.

Subsection (c) of AS 11.41.520 sets forth a claim-of-right defense for three of these types of threat:

> (c) It is a defense to a prosecution based on (a)(2), (3), or (4) of this section that the property obtained by threat of accusation, exposure, lawsuit, or other invocation of official action was honestly claimed as restitution or indemnification for harm done in the circumstances to which the accusation, exposure, lawsuit, or other official action relates, or as compensation for property or lawful services.

By electing to extend the claim-of-right defense to only three of the seven types of threat in the extortion statute, the legislature made unmistakably clear its intent to withhold the defense as to the remaining four types. As adopted, and as it now stands, the claim-of-right provision set out in subsection (c) of the extortion statute does not extend to threats of physical injury charged under subparagraph (a)(1). Since this is the type of threat Woodward was charged with (and convicted of) making, we conclude that he was not entitled to assert his claim of right to Cooper's money as a defense to the extortion charge.

■ Woodward nevertheless maintains that, since he was only seeking to recover money that Cooper had unlawfully appropriated from him, the money was his own (Woodward's), and was not "the property of another," as required under AS 11.41.-520(a). However, in threatening physical injury to Cooper if Cooper refused to pay, Woodward was not attempting to recover particular, identifiable property; he was merely seeking to collect a debt. In addressing the viability of a claim-of-right defense, courts have held that "the interest which the accused asserts under a claim of right must be to *specific property* and . . . must be in complete derogation of the victim's rights in and to the property." *State v. Brighter,* 62 Haw. 25, 608 P.2d 855, 859 (1980) (emphasis in original) (citations omitted). "[W]here, as here, the claim is to money owed, and in order to satisfy the claim, the creditor takes money or other fungible property to which he has no title or right of possession, then the intent to

steal is present." *State v. Martin,* 15 Or. App. 498, 516 P.2d 753, 755 (1973).

This comports with the broad reading Alaska courts have given to the term "property of another" in the context of theft cases. In *Pulakis v. State,* 476 P.2d 474 (Alaska 1970), for example, the court rejected the notion "that the state must prove, as an essential element of the crime of larceny, ownership of the property allegedly stolen." *Id.* at 475. Instead, the court held that "[t]he 'property of another' phrase in larceny statutes ordinarily refers to possession, not title." *Id.*

The phrase "property of another" is not expressly defined for purposes of Alaska's extortion statute. The phrase is defined in the chapter of the criminal code that deals with offenses against property, but only as to offenses included in that chapter. AS 11.46.990(12). Because extortion is now classified as an offense against the person rather than an offense against property, the statutory definition is not directly applicable to it.

We nevertheless find the statutory definition of "property of another" illuminating in reference to the extortion statute. Alaska Statute 11.46.990(12) broadly defines the phrase to include "property in which a person has an interest which the defendant is not privileged to infringe, whether or not the defendant also has an interest in the property and whether or not the person from whom the property was obtained or withheld also obtained the property unlawfully[.]" This definition echoes the expansive definition of "property of another" that *Pulakis* articulated as a matter of common law, and it is fully consistent with the traditional view that a claim-of-right defense cannot be asserted as to debt, but must instead involve discrete, identifiable property.

Moreover, we can glean nothing particularly significant from the legislature's failure to define "property of another" for purposes of the extortion statute. As we have previously noted, the Tentative Draft of the Alaska Revised Criminal Code classified extortion as an offense against property and grouped it with theft offenses.

Even though the Tentative Draft recognized extortion as a crime separate from theft and not subject to the claim-of-right provision that applied to various forms of theft, extortion, by virtue of being classified as an offense against property, remained within the scope of the Tentative Draft's general provisions governing property offenses; these general provisions, in turn, included a definition of "property of another" identical to that currently found in AS 11.46.990(12).[12] As with the definitions ultimately enacted as AS 11.46.990, however, the definitions in the Tentative Draft's § 11.46.990 applied only to property offenses.[13]

When the legislature decided to reclassify extortion as an offense against the person and to group it with robbery—the crime it deemed most analogous—it evidently lost sight of the fact that the reclassification would remove extortion from the definitional provisions governing property offenses. In the criminal code's chapter on offenses against the person, no other provision used the phrase "property of another", so there had simply been no need to define it. In particular, the code's definition of robbery did not require the taking of "property of another", but only the taking of "property". See AS 11.41.510(a).

Although reclassifying the extortion statute technically left its reference to "property of another" undefined, nothing in the legislative commentary suggests that this omission was intentional; apparently, the omission was the result of oversight.

On the one hand, assuming the legislature actually wanted to abandon the property crimes definition of "property of another" in favor of an approach similar to the one it used for the offense of robbery—with which it now grouped extortion—then presumably it would have abandoned the "property of another" requirement altogether, making extortion, like robbery, apply to the taking of any "property." On the other hand, assuming the legislature did not want to treat extortion like robbery by abandoning the "property of another" requirement altogether, yet still thought it necessary to adopt a different definition of the phrase than the definition stated for property crimes in AS 11.46.990, then presumably the legislature would have specified the new definition it wanted: AS 11.-46.990 already stated the commonly accepted definition; failing to specify an alternative definition would leave no clue as to how the extortion statute's use of the phrase was meant to differ.

■ For present purposes, we need observe only that, when Woodward uttered his threats against Cooper, Cooper unquestionably had at least a possessory interest in the money Woodward demanded. This interest was sufficient to meet the "property of another" requirement of the extortion statute. Accordingly, the trial court did not err in declining to instruct Woodward's jury on the claim-of-right defense.[14]

■ Woodward lastly makes a conclusory argument that the trial court erred in precluding him from presenting evidence to

12. *See* Alaska Criminal Code Revision Part III, at 104 (Tent.Draft 1977).

13. *Id.*

14. Woodward also appears to argue that he was entitled under Alaska's defense-of-property statute, AS 11.81.350, to use or threaten the use of force in defense of his own property. We find the argument meritless for much the same reason that led us to reject Woodward's claim that he did not extort the "property of another": Woodward sought to collect money he thought was owed him; he was not trying to prevent the taking of specific and identifiable property. Although AS 11.81.350(a) justifies use of nondeadly force to "terminate ... the commission or attempted commission ... of an unlawful taking[,]" by its plain terms, the statute applies only

to offenses that are about to be committed or are actually being committed. This is in keeping with the traditional view allowing force to be used in recapturing property only when a person "act[ed] immediately after the dispossession or upon hot pursuit." 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 5.9(d), at 672 (1986). The crime of theft is not a continuing offense; an act of theft is complete once the thief appropriates the property of another. *See Coleman v. State*, 846 P.2d 141, 142–43 (Alaska App.1993). Here, assuming Cooper's retention of the money given to him by Mike Lyle to repay Woodward's wife amounted to a theft from Woodward, that theft had already been committed when Woodward's threats were made.

the jury suggesting that he was the victim of selective prosecution. We agree with the state, however, that the issue of selective prosecution is generally one of law for the court, not one of fact for the jury. *See United States v. Washington,* 705 F.2d 489, 495–96 (D.C.Cir.1983); *cf. Grossman v. State,* 457 P.2d 226 (Alaska 1969). *See generally* 2 Wayne R. LaFave & Jerald H. Israel, *Criminal Procedure* § 13.4(a), at 187 (1984). Woodward cites no authority to convince us otherwise. We find no error in the preclusion of this issue from the jury.

The judgment is AFFIRMED.