INTERNATIONAL HARVESTER COMPANY of America

*vs.*

JOHN G. FLEMING.

Penobscot.    Opinion April 5, 1912.

*Guaranty.    Consideration.    Burden of Proof.*

The undertaking of a guarantor is his own separate and independent contract, distinct from that of the principal debtor.

Where the guaranty is collateral to the principal contract, but is made at the same time and becomes an essential ground of the credit given to the principal or direct debtor, there is not, or need not be, any other consideration than that moving between the creditor and the original debtor under the principal contract.

In an action against a defendant guarantor on a note, *held* that the burden was on the defendant to show bad faith on the part of the plaintiff sufficient to release the defendant from liability or that there was a failure of consideration for the guaranty.

On report.    Judgment for plaintiff.

Assumpsit to recover a balance due on a note given by Ora A. Fleming and guaranteed by the defendant.    Plea, the general issue with a brief statement alleging "that the consideration for which the supposed guaranty was made has wholly failed."    At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Artemus Weatherbee, and Charles J. Dunn,* for plaintiff.

*G. Willard Johnson,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J.    Assumpsit to recover a balance due on a note given by Ora A. Fleming and guaranteed by the defendant.

On May 7, 1907, Ora A. Fleming of Lincoln, Maine, signed the following note as promissor:

"$675.00   Lincoln, Maine, 5-7 1907        BOSTON NUMBER
                                                         32068 Year 1907

On or before the first day of Oct., 1907, for value received, I promise to pay to International Harvester Company of America, or order, the sum of Six Hundred and Seventy-five Dollars no interest until due at 6 per cent, from date.

                                             Payable at Lincoln, Me.

After maturity this note shall draw interest at 8 per cent.

It is expressly agreed that the title to the  .  .  .  .  machine for which this note is given shall remain in the International Harvester Company of America until this and all other notes given for the purchase price of said machine shall be paid in full.  If default is made in the payment of any of said notes, or the machine is levied upon, or undersigned attempts to sell or remove same, or, if said company for reasonable cause deems itself insecure, it may declare all notes due, and also may take possession of said machine and sell it at public or private sale without any notice whatever.  In consideration of the use of said machine, I hereby agree to pay any balance remaining unpaid after net proceeds are applied.

                                             ORA A. FLEMING.

Post Office Lincoln, Maine
County Penob. R. F. D. No.
Section,   Township,   Range
Witness to Signature F. A. Hoar
         5% disc. if paid Oct. 1st, '07."

On the same day the defendant signed a guaranty on the back of the note, the guaranty reading as follows:

## "Guaranty

For value received, I hereby guarantee the payment of the within note, and all renewals and extensions thereof to the payee therein named or any owner and holder thereof; and I hereby waive protest, due presentment, demand and notice of nonpayment thereof; and I hereby waive diligence on the part of any holder thereof in

collecting said note and all defenses arising out of lack of diligence in enforcing payment thereof.

> JOHN G. FLEMING.
> Protest Waived
> For Collection Account of
> International Harvester Company
> of America
> Auburn, N. Y."

The case was submitted to the Law Court on report, the parties stipulating that the Law Court shall enter such judgment as the legal rights of the parties require.

The plaintiff claims that the note was given in payment for a gasoline engine ordered the same day by Ora A. Fleming, and that the order for the engine, in the usual form, was signed at the same time and place by Ora A. Fleming; that the note and order in triplicate, and the guaranty, were the only papers executed in the transaction.

The defendant contends that while the above papers were executed, there was another document executed at the same time by Ora A. Fleming and the agent of the plaintiff, called by defendant an application for an agency, which document was intended to take the place of the order for the engine, and further that the defendant signed as guarantor solely upon that understanding, and with the agreement that Ora A. Fleming should be appointed selling agent of the plaintiff in the vicinity of Lincoln; and here is the principal if not the only question in the case. Defendant says it was "understood, at least by implication, that the agency contract took the place of the ordinary sale contract first signed by Ora A. Fleming;" "that it was understood, at least by implication, that it was but a tentative arrangement to save time, and that the agent of the company was to take the contract for an agency and the note and present it to the company for its acceptance or rejection;" "that the engine was duly shipped to Ora A. Fleming, and as he and John G. Fleming, the defendant, thought the agency contract was accepted, no questions were asked, and they waited, and it does not appear in evidence just when they first knew that the first contract which was signed by Ora A. Fleming was the one which plaintiff company claimed to have sold the engine under, except

that the defendant probably knew of it at the time the suit was brought against the son to recover on the note."

The note was dated March 7, 1907, and was payable October 1, 1907. Ora A. Fleming was sued on the note March 1, 1909, and, after the evidence was taken out, by agreement of the parties a discount of seventy-five dollars having been made, a verdict was directed for the plaintiff for $796.49. Plaintiff pursued the judgment and the engine was sold thereon, return made, and an alias execution issued, on which, Ora A. Fleming having disclosed, and having received discharge upon disclosure, the execution was returned in no part satisfied. Thereupon this action was brought. The plaintiff introduced the note, order and execution, and rested his case.

The defendant claimed that his guaranty was procured by the agent of the plaintiff by a promise to appoint Ora A. Fleming agent of the plaintiff company, and the testimony of his wife and son was introduced in support of his contention. The plaintiff denied in detail all the testimony offered by defendant upon that question, and offered the testimony of two witnesses in corroboration of plaintiff's agent, who testified that the defendant in conversations with them stated to one that the reason he did not pay the note in suit was "that the engine is not what it was guaranteed to be, and I refuse," and to the other "Mr. Fleming said he bought a gasoline engine to run his shingle mill, and was perfectly willing to pay for the engine when they would show it could run his mill."

The plaintiff urges that the testimony of these witnesses shows the inconsistency of defendant's claim, and that an admission made by him in cross-examination is conclusive upon the point. He was asked: "Didn't you state as a reason why you refused to accept this engine, was because they agreed to furnish a twenty horse power gasoline engine, that would run a shingle mill full blast, and a lath machine on sixteen gallons of gasoline a day—that you refused to pay the note for that reason, and if they would take the engine back you would pay a hundred dollars? A. I have no doubt I put in that, and put in a lot more with it."

The record shows that the engine was ordered to be shipped to the defendant, and was received in a short time after it was ordered; that although the note was due October 1, 1907, suit thereon was not commenced until March 9, 1909, and that in the

meantime, a period of seventeen months, neither defendant nor his son raised a question as to the appointment of the son as an agent. It further appears that the lumber sawed in the mill belonged in part to the defendant, and he paid for part of the labor; that the business was his, and that he tried to sell the engine.

Counsel in his outline of defense says that the defendant should not be held liable, (1) because there was no delivery of the note and guaranty, and (2) because there was failure of consideration; but we are not able to agree with him in either claim.

"When a note is left wih a third person to be delivered to the payee on the happening of a contingency the first delivery is complete and irrevocable." *Jones* v. *Jones*, 101 Maine, 447.

The undertaking of a guarantor is his own separate and independent contract, distinct from that of the principal debtor. 14 Ency. Law, 1129.

Where the guarantee is collateral to the principal contract, but is made at the same time and becomes an essential ground of the credit given to the principal or direct debtor, there is not, or need not be, any other consideration than that moving between the creditor and the original debtor under the principal contract. 14 ency. Law, 1133; *Waterhouse* v. *Kendall*, 11 Cushing, 128; *Huntress* v. *Patten*, 20 Maine, 28; *Gilligan* v. *Boardman*, 29 Maine, 79; *Gas Co.* v. *Wood*, 90 Maine, 516.

The guaranty was absolute; the terms were plain and without ambiguity; it was signed by the defendant after full discussion and with a clear understanding of the liability involved.

"No principle is more familiar than that all conversations at and about the time, and preparatory to the formation of a contract, are inadmissible to explain or vary the terms of it, when reduced to writing, and subscribed by the party thereto." *Hilton* v. *Homans*, 23 Maine, 136-138.

Defendant having set up a defense which would vary the terms of his written contract, and relieve him from liability because of the alleged fraudulent acts of the plaintiff, must sustain his contention by a fair preponderance of the testimony. *Grant* v. *Ward*, 64 Maine, 239.

The plaintiff's testimony shows that four papers were signed by Ora A. Fleming, viz: one note and a sale contract in triplicate, and the parties agree that a note and sale contract were signed.

Defendant's son testified that he signed three or four papers, and that the plaintiff's agent took all papers with him. The note, guaranty and sale order arc the only exhibits in the case aside from the court records.

The defendant assumed the burden of showing bad faith on the part of the plaintiff, that there was a substitution of an agency application for a sale order, which substitution was the inducement or consideration for his signing as guarantor, and that there was consequent failure of consideration for the guaranty. The testimony does not support this claim. It does not appear that an agency contract was signed by the parties. The defendant and his witnesses are not sufficiently in accord to establish fraud on the part of the plaintiff, nor does the testimony justify an inference of fraud.

In accordance with the stipulation of the report the entry must be,

> *Judgment for the plaintiff for $722.80,*
> *and interest from the date of the writ.*