## FIRST NATIONAL BANK OF DAMARISCOTTA

### v.

### Mary L. STAAB, as Personal Representative of the Estate of George Staab.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1986.

Decided Feb. 27, 1986.

Franklin M. Walker, Jr. (orally), Damariscotta, for plaintiff.

Howard & Bowie, Edward G. Dardis, (orally), Clayton N. Howard, Damariscotta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

George Staab [1] appealed from an order entered by the Superior Court (Lincoln County) granting an attachment of his property in the amount of $154,075.18. The plaintiff, First National Bank of Damariscotta (the Bank), had filed a motion for attachment supported by an affidavit signed by a vice president of the Bank. Because it is apparent on its face that the affidavit does not justify an attachment in that amount, we vacate the order approving the attachment.

---

**1.** Staab died pending appeal of the order grant- ing attachment of his property.

■ Under the rule governing prejudgment attachments, M.R.Civ.P. 4A, the movant must show that there is a reasonable likelihood that judgment will be recovered in an amount equal to or greater than that of the attachment. *Bowman v. Dussault,* 425 A.2d 1325 (Me.1981). Because prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by legislation and implemented by court rules. *Id.* at 1328; *see also Anderson v. Kennebec River Pulp & Paper Co.,* 433 A.2d 752, 755 (Me.1981). We review the Superior Court's determination by application of the "clearly erroneous" and "abuse of discretion" standards. *Anderson v. Kennebec River Pulp & Paper Co.,* 433 A.2d at 754.

■ The affidavit of the Bank vice president reflects that in 1979 Staab executed and delivered to the Bank a personal guarantee of the corporate indebtedness of Blake's Marine, Inc., a corporation of which he was a director. By a letter dated April 4, 1984, Staab notified the Bank he was terminating his personal guarantee. On that date the corporation's obligation to the Bank did not include any obligation on account of corporate checking account overdrafts. On December 7, 1984, the date of the Bank's complaint against Staab, the specified amount of $154,075.18 claimed to have been owed by Staab as a guarantor included $22,438.64 advanced by the Bank sometime after April 4, 1984, to cover overdrafts in the corporate checking account. Despite the fact that an officer of the Bank testified that Staab was not responsible for the overdrafts, the $22,438.64 the Bank paid to cover them was included in the amount of the attachment. Thus, on this record as presented to the Superior Court and to this court on appeal, it was clearly error to find a reasonable likelihood that the judgment recovered from the defendant would at least equal the amount of the attachment. We accordingly vacate the order approving the attachment.

The entry is:

Order vacated. Remanded to the Superior Court for entry of order vacating the attachment.

All concurring.