## NORTHERN MAINE REGIONAL PLANNING COMMISSION

v.

## NORTHERN FOREST PRODUCTS, INC. et al.

Supreme Judicial Court of Maine.

Argued Sept. 23, 1988.
Decided Oct. 28, 1988.

David L. Galgay, Jr. (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for John L. Martin.

Mary P. Mitchell (orally), Petruccelli, Cohen, Erler & Cox, Portland, for Herbert Vaillancourt.

Richard C. Engels, Stevens, Engels, Bishop & Sprague, Presque Isle, for Northern Maine Regional Planning Com'n.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

John L. Martin appeals from a judgment of the Superior Court (Aroostook County, *Pierson, J.*), denying his motion for an attachment of the property of his co-defendant, Herbert P. Vaillancourt, on Martin's cross-claim for indemnification. We hold the trial court properly denied the motion and affirm the judgment.

Northern Maine Regional Planning Commission, Inc., joined other plaintiffs[1] in a complaint filed, *inter alia*, against Northern Forest Products, Inc. (Northern) and certain individuals, including Martin and Vaillancourt, alleged to be guarantors, for the repayment of loans made to Northern. By their complaint, the plaintiffs sought a foreclosure of mortgages and a deficiency judgment against Northern and the alleged guarantors. Martin filed a cross-claim for indemnification against the other named guarantors. After a judgment of foreclosure was entered against Northern, followed by a sale of the property and disbursement of proceeds, the plaintiffs

1. The record reflects that Northern Maine Regional Planning Commission, Inc. is now the sole plaintiff in this action.

moved for a deficiency judgment against Northern and the individual guarantors. One of the plaintiffs moved for an attachment of real estate of Martin and the other guarantors. Pursuant to M.R.Civ.P. 4A(d),[2] Martin filed a motion for an attachment of property of Vaillancourt. The trial court denied both motions for attachment, and Martin appeals.

 M.R.Civ.P. 4A prescribes the procedure by which property may be attached and held to satisfy a judgment for damages and costs which a plaintiff may recover. Because serious hardship can result from prejudgment attachment, parties must strictly comply with the prescribed procedures. *First Nat'l Bank of Damariscotta v. Staab*, 505 A.2d 490, 491 (Me.1986). We review the record to determine if the trial court was clearly erroneous or abused its discretion in denying Martin's motion for attachment.

In interpreting Rule 4A, we have previously stated:

> In determining whether to grant a motion for attachment under Rule 4A, the trial court must decide, after consideration of all the pleadings and affidavits, whether the underlying claim is substantial enough that there appears to be a reasonable possibility of recovery; the movant need not show that it is more likely than not that he will prevail.

*Bowman v. Dussault*, 425 A.2d 1325, 1328 (Me.1981).

In the instant case, Martin's motion rested on his cross-claim against Vaillancourt, seeking reimbursement for any recovery made against Martin by the plaintiffs on their complaint seeking, *inter alia,* a deficiency judgment against Martin. Martin's cross-claim against Vaillancourt is, therefore, derivative of the underlying action against Martin and the other alleged guarantors for a deficiency judgment. Because Martin's affidavit and the pleadings of record failed to set forth any facts showing the reasonable likelihood of the recovery of a deficiency judgment against Mar-

tin in the underlying action against him, the trial court properly denied Martin's motion for an attachment of the property of Vaillancourt. *See* M.R.Civ.P. 4A(c), (h); *Bowman v. Dussault*, 425 A.2d at 1328–29.

The entry is:

JUDGMENT AFFIRMED.

All concurring.

---

**2.** M.R.Civ.P. 4A(d) provides:
 An attachment may be made by a party bringing a counterclaim, a cross-claim, or a third-party complaint in the same manner as upon an original claim.