## CASCO NORTHERN BANK, N.A.

### v.

### Paul MOORE, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1990.
Decided Dec. 10, 1990.

William J. Kayatta, Jr., Jennie L. Clegg, David E. Barry, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Barry Zimmerman, Timothy H. Norton, Kelly, Remmel & Zimmerman, Portland, for defendants.

Before WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

 Plaintiff Casco Northern Bank appeals the denial of its motion for approval of attachment and trustee process against the defendants, guarantors of a note. (Cumberland County, *Fritzsche, J.*). Plaintiff challenges the finding of the Superior Court that the mortgage granted by the principal debtor to the plaintiff to secure the debt was "other security" available to satisfy the obligation of the guarantor within the meaning of M.R.Civ.P. 4A(c) and 4B(c). Plaintiff argues that by virtue of an unconditional guaranty provided by the guarantor, it has an independent cause of action against that guarantor and is entitled to an attachment of the guarantor's property to the full extent of that obligation notwithstanding the existence of security to satisfy the obligation of the principal debtor. We agree with the plaintiff and vacate the denial of the motion.

Plaintiff loaned Sunny Real Estate Trust (the Trust) $800,000. As security for the loan, the Trust granted plaintiff a mortgage on real estate in Portland. Plaintiff also received unconditional guaranties of the note from defendants. The Trust defaulted on the note and plaintiff filed a complaint to foreclose. It joined the guarantors, seeking to enforce the guaranties. Simultaneously, it filed a motion for approval of attachment and trustee process against the guarantors.

The Superior Court denied the motion "without prejudice to its renewal if a value is placed on the mortgaged property." It determined that the reference to "other security" in Rule 4A(c) and 4B(c) included the mortgaged property of the principal debtor.[1] Thus, the court held that the guarantors' property could not be attached for more than the amount of the difference between the value of the mortgaged property and the judgment amount and plaintiff had failed to provide sufficient information to determine that sum. The court did not address whether plaintiff was reasonably likely to recover judgment. Plaintiff appealed.

 The denial of a motion for approval of attachment and trustee process, although interlocutory, is immediately ap-

---

1. M.R.Civ.P. 4A(c) provides as follows:
 No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (f) of this rule, the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance, bond, *or other security,* and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. (Emphasis added).
 M.R.Civ.P. 4B(c), dealing with trustee process, includes a comparable provision.

pealable. *Barrett v. Stewart*, 456 A.2d 10, 11 n. 1 (Me.1983). This court reviews the denial for clear error or an abuse of discretion. *Id.* at 11.

The guaranty made by defendant and others was unconditional. The "undertaking of a guarantor is his own separate and independent contract, distinct from the principal debtor." *International Harvester Co. of America v. Fleming*, 109 Me. 104, 108, 82 A. 843, 845 (1912). *Accord Top Line Distributors Inc. v. Spickler*, 525 A.2d 1039, 1040 (Me.1987). Our rules permit an attachment of the property of the guarantor in the amount of the probable judgment against him or her less any insurance, bond, other security or credits "shown by the defendant to be available to satisfy the *judgment*." (Emphasis added). Collateral provided to secure the obligation of the principal debtor does not secure the independent obligation of the guarantor. *See Chase Commercial Corp. v. Hamilton & Son*, 473 A.2d 1281, 1284 (Me.1984). The court erred in denying the motion for this reason.

The entry is:

Judgment vacated. Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.