**FORD MOTOR CREDIT COMPANY**

v.

**THOMPSON MACHINE, INC.**

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 11, 1992.
Decided Oct. 30, 1992.

F. Bruce Sleeper, Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

John S. Campbell, Richard Poulos, Poulos, Campbell & Zendzian, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Ford Motor Credit Company sought a deficiency judgment against Thompson Machine, Inc.,[1] a dealer in construction, industrial and utility equipment, for $906,884.19 that Thompson allegedly owed it under three financing arrangements. Ford Credit sought an *ex parte* order for attachment and attachment on trustee process in this amount. After a hearing on the affidavits submitted by both parties, the Superior Court (Cumberland County, *Lipez, J.*) found there was a "reasonable likelihood" that Ford Credit would recover and ordered attachment and attachment on trustee process in the amount of $801,215.93, the alleged debt amount less security available to Ford Credit in a Dealer Reserve Fund. Thompson appeals this order and Ford Credit cross appeals the Superior Court's reduction of the attachment amount. Because we find that the trial court did not clearly err by ordering the attachment or abuse its discretion by adjusting the

amount to reflect the security available in the Dealer Reserve Fund, we affirm.

An order granting attachment, although interlocutory, is immediately appealable. *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 851 (Me.1976). Determining whether the moving party has met the "reasonable likelihood of success" standard,[2] the standard applicable to this case, only requires the trial court to determine whether the underlying claim is substantial enough that there appears to be a reasonable possibility of recovery. *Bates Fabrics, Inc. v. LeVeen,* 590 A.2d 528, 531 (Me.1991). In this determination, the Superior Court has the same range of discretion that it normally enjoys in finding facts and applying legal norms to those facts and we review its decision under the clearly-erroneous and abuse-of-discretion standards. *Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me.1981).

Thompson contends Ford Credit's affidavits do not meet the requirements of M.R.Civ.P. 4A(h) (now M.R.Civ.P. 4A(i)). We have held, however, that a party can make an adequate showing as long as the affidavits submitted state specific facts to support a claim for recovery and certain evidence from which some informed projection can be made as to the amount of damages suffered by the party. *Calvert v. Corthell,* 599 A.2d 69, 72 (Me.1991). Ford Credit, through written affidavits and documentary evidence, satisfied the M.R.Civ.P. 4A(h) requirements.

Thompson argues that Ford Credit failed to establish that it had no security available to satisfy the judgment. Thompson misstates the burden of proof established by M.R.Civ.P. 4A(c) which specifically requires that security available to satisfy

---

1. The sole shareholder of Thompson Machine, Lawrence Caldwell, and his wife, Sandra Caldwell, were also defendants at trial. Because the notice of appeal listed only Thompson as an appellant, the Caldwells are not parties to this appeal.

2. The rules governing attachment and attachment on trustee process were amended effective February 15, 1992, to change the "reasonable likelihood of success" standard to a "more likely than not" standard. M.R.Civ.P. 4A advisory committee's note to 1992 amend., Me.Rptr., 604 A.2d No. 2 CXLII–CXLIV. The motion at bar, however, was decided before the effective date of this amendment.

the judgment be "shown by the defendant." Contrary to Thompson's assertions, the trial court was not compelled to find that Thompson met this burden. *See Morton v. Miller,* 600 A.2d 395, 397 (Me.1991).

Thompson argues that Ford Credit's liquidation of repossessed equipment was so commercially unreasonable that its deficiency judgment should be barred. Since litigation on the merits of Ford Credit's claim is better left for trial, we do not address commercial reasonableness here. *See Bates Fabrics, Inc. v. LeVeen,* 590 A.2d 528, 531 (Me.1991). Other claims raised by Thompson are without merit.

■ Ford Credit, in its cross appeal, asserts that the trial court abused its discretion by reducing the attachment amount by the security available in the Dealer Reserve Fund. Ford Credit argues that the Dealer Reserve Fund collateral was meant to secure *all* debt owed to it by Thompson. Since Ford Credit had almost $11 million in additional outstanding accounts with Thompson, it argues that the Dealer Reserve Fund was not "available" under M.R.Civ.P. 4A(c). We hold that the trial court did not abuse its discretion in reducing the amount of attachment allowed by the amount available in the Dealer Reserve Fund.

The entry is:

Order affirmed.

All concurring.