Robert RICHARDSON, et al.

v.

Edward N. McCONOLOGUE, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 16, 1996.
Decided March 12, 1996.

**600**

William Kany, Smith, Elliott, Smith & Garmey, Saco, for Plaintiffs.

Thomas Van Houten, Schwartz & Schwartz, Portland, for Defendants.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Edward N. McConologue and Deborah J. McConologue appeal from an order entered in the Superior Court (York County, *McKinley, A.R.J.*) authorizing the attachment of the McConologues' real and personal property pursuant to M.R.Civ.P. 4A(c).[1] On appeal the McConologues contend that Robert C. Richardson and Linda L. Richardson failed to demonstrate that it was more likely than not that they would recover a judgment against the McConologues equaling or exceeding the amount of the attachment and, therefore, the Superior Court was clearly erroneous in granting the Richardsons' motion for attachment. We disagree and affirm the order of attachment.

The Richardsons, in bringing their action against the McConologues, seek to enforce an agreement in the nature of a "work out agreement." The McConologues defend the action and contest the Richardsons' motion for attachment, claiming that they had no personal liability under either the note or mortgage referred to in the "work out agreement" and that the Richardsons' recovery under the agreement was barred by their failure to give the McConologues' notice of the sale of certain collateral as required by 11 M.R.S.A. § 9–504(3) (1995).[2] *Leighton v. Fleet Bank of Maine*, 634 A.2d 453 (Me.1993) (failure to comply with strict notification requirements preclude secured party from collecting a deficiency judgment).

A party seeking an attachment must demonstrate that it will "more likely than not ... recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment...." M.R.Civ.P. 4A(c). Under this standard, "[a] moving party must show a greater than 50% chance of prevailing." M.R.Civ.P. 4A advisory committee's note to Feb. 15, 1992, amend., 602–617 Me.Rptr. XCII. *See also Wilson v. DelPapa*, 634 A.2d 1252 (Me.1993) ("more likely than not standard" means plaintiffs must now convince court by a preponderance of the evidence that they will recover). An order granting an attachment is immediately appealable. *Ford Motor Credit v. Thompson Mach.*, 615 A.2d 608, 609 (Me.1992). We review an order granting a motion for attachment for clear error. *Tammac Corp. v. Miller-Meehan*, 643 A.2d 370, 371 (Me.1994). In their complaint the Richardsons seek damages resulting from the McConologues' breach of the contract entered into by the parties. The McConologues, relying on 11 M.R.S.A. § 3–1401, first contend that they are not personally liable for the debt evidenced by a promissory note they did not sign but did assume. Their reliance on section 3–1401 does nothing to undermine the fact that by agreeing to assume the debt evidenced by the promissory note and secured by a mortgage they became personally liable for the debt. Indeed, the Uniform Commercial

---

1. M.R.Civ.P. 4A(c) provides in pertinent part:

    ... [T]he order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment....

2. 11 M.R.S.A. § 9–504(3) (1995) provides in pertinent part:

    **(3)** Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts.... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

Code Comment to section 3–401, upon which 11 M.R.S.A. § 3–1401 is based, states:

> Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign ... may of course be liable under any separate writing.

U.C.C. § 3–401 comment (1978). Thus, by accepting a deed, a separate writing, that referred to and noted the McConologues' agreement to assume and pay the mortgage debt, the McConologues became liable to pay the debt, even though they did not sign the negotiable instrument given to evidence that debt.

■ The McConologues further deny their liability to the Richardsons on the grounds that the mortgage given to secure the debt they assumed merged with the fee when the Richardsons conveyed the property to a third party. The pending action was brought on a breach of the "work out agreement," not on the basis of the mortgage obligations and therefore the existence or non-existence of a merger does not provide the McConologues a defense to suit under the contract.

■ Finally, the McConologues contend that the court erred in granting the attachment because the Richardsons had failed to comply with the notice requirements of 11 M.R.S.A. § 9–504(3) (1995) with respect to the sale of certain equipment owned by the McConologues in which they had granted a security interest to the Richardsons. The McConologues' defense fails for two reasons. First, the agreement granted the Richardsons the right to sell the equipment, and second, by its plain terms section 9–504 requires notice to a debtor by a secured party after default. In the instant situation, the McConologues were not in default under the "work out agreement" when the equipment was sold.

On the basis of the pleadings and the affidavits of the parties the trial court was not clearly erroneous in determining that it is more likely than not that the Richardsons will obtain a judgment against the McConologues in an amount equal to or greater than the amount of the attachment.

The entry is:

Order of attachment affirmed.

All concurring.