STATE OF MAINE                                           SUPERIOR COURT
CUMBERLAND, ss                                           CIVIL ACTION
                                                         DOCKET NO. CV-01-300

NICOLE PARKINSON, et al,          Oct 23  12 45 PM '01

                Plaintiffs

        v.                                     EXPLANATION OF ORDER
                                               DENYING PLAINTIFFS'
                                               MOTION FOR ATTACHMENT

MILAN INDUSTRIES, INC.,

                Defendant

By order dated 7/31/01, the plaintiffs' motion for attachment and trustee process was denied. The parties now request an explanation of the basis on which the motion was denied. The court considered all of the parties' submissions and concluded that it was not "more likely than not that the plaintiff[s] will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. " See M.R. Civ. P. 4A(c); see also M.R. Civ. P. 4B(c).

The plaintiffs have not shown on this record that it is more likely than not that they are entitled to be paid minimum and overtime wages as well as additional damages. See 26 M.R.S.A. §§ 664, 670 (1988 & Supp. 2000). The plaintiffs have not shown that it is more likely than not that the defendant's business is not entitled to the exemption from paying such wages. See 26 M.R.S.A. § 663 (3)(C) (1988).

The plaintiffs signed independent contractor dealer agreements with the defendant. See id.; Def.'s Mem., Ex. C & Ex. L (Ex. A, attached). Further, as the affidavits make clear, a determination of the relationship among the parties requires, among other things, a credibility assessment. Compare Pls.' Mem., Ex. 1, Aff. of Nicole Parkinson with Def.'s Mem., Ex. I, Aff. Of Richard Meoli & Ex. M, Aff. of Steve Kuykendall; see also Def.'s Mem., Ex. L, Aff. of Don Giannotti; Wilson v. DelPapa, 634 A.2d 1252, 1254 (Me. 1993) (in considering motion for attachment, court reviews and assigns weight to affidavit evidence in same manner as with other evidence). The plaintiffs' reply affidavits, in which the affiants state that they have reviewed the defendant's affidavits and disagree with many of the assertions, highlight the issues of fact to be resolved at trial. See Pls.' Reply Mem., Ex. 2-5, Reply Aff. of Van Newman, Nicole Parkinson, Dustin Murray, Matthew Anson.

Finally, the defendant's objection includes information regarding a complaint against Kirby, which involved an independent dealer agreement. See Def.'s Attachment P. This case was dismissed by the Maine Human Rights Commission on 4/20/01 based on a finding that no employer/employee relationship existed. Certainly more facts can be presented at trial regarding any precedent that case may offer. See Pls.' Reply Mem. at 5 n.4.

The clerk is directed to incorporate this order into the docket by reference.

Date: October 23, 2001

Nancy Mills
Justice, Superior Court

2

Date Filed __06-06-01__ __Cumberland__ Docket No. __CV-01-300__

County

Action __Damages__

Nicole Parkinson, Marc J. Amoroso,          Milan Industries, Inc.
Matthews E. Anson, Julian Shulman
Dustin Murray and Lee A. Dunbar

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald F. Fontaine Esq.<br>P.O. Box 7590<br>Portland, Maine 04112 | Gary Prolman Esq.<br>482 Congress Street, Suite 300<br>Portland ME 04101 773-3506<br><br>Richard Herthneck, Esq. (Milan, pro<br>20220 Center Ridge Road, Ste 304<br>Rocky River, OH 44116 |

Date of
Entry

2001