**Roxanne and Jerome CIRRINCIONE, Plaintiff**

v.

**PRATT CHEVROLET, OLDSMOBILE & PONTIAC, and Ian Pratt, Defendants**

**No. CV–03–72–B–W.**

United States District Court, D. Maine.

Aug. 6, 2003.

Stephen C. Smith, Law Offices of Stephen C. Smith, Bangor, for Roxanne Cirrincione, Jerome Cirrincione, Plaintiffs.

David M. Hirshon, Tompkins, Clough, Hirshon & Langer, Portland, for Pratt Chevrolet Oldsmobile & Pontiac, Ian Pratt, Defendants.

## ORDER ON MOTION FOR ATTACHMENT

KRAVCHUK, United States Magistrate Judge.

Plaintiffs Roxanne and Jerome Cirrincione seek a writ of attachment against the Defendants, Pratt Chevrolet, Oldsmobile & Pontiac and Ian Pratt. The plaintiffs have filed a federal lawsuit seeking damages under the federal Odometer Act, 49 U.S.C. § 32710, and for common law fraud and Maine state unfair trade practices. They contend that they are more likely than not to succeed on their claims and seek prejudgment security in the defendants' assets in the amount of $24,000. The defendants offer a defense to the claim, but do not indicate that they have available sufficient insurance or a bond to cover the plaintiffs' projected damages, nor do they offer any particular article of property to which any attachment might be limited. I **GRANT** the motion for attachment, but in a significantly reduced amount.

## Statement of Facts

According to the affidavits submitted in support of and in opposition to the motion for prejudgment attachment, it appears that the plaintiffs purchased a 2000 Chevrolet Corvette from the defendant dealership and that the vehicle had formerly been used by Ian Pratt, a principal of Pratt Chevrolet, as his "personal demo." At the time of the purchase, the vehicle's odometer reading was 9100 miles. Following their purchase, the plaintiffs assert that they observed excessive wear to certain vehicle parts or components. Roughly fourteen months after the purchase, the plaintiffs were approached by two detectives who were conducting an investigation of the defendants for odometer fraud. The plaintiffs' Corvette was taken to the service department of another Maine dealership, where mechanics inspected it and concluded that the Corvette's odometer had been tampered with to permit the odometer to be turned off to not register miles. The vehicle had no prior owners other than the defendants. The defendants twice requested an extension of their deadline to respond to the instant motion, ostensibly to enable their own expert to inspect the vehicle's odometer. Although the defendants contend that the plaintiffs are speculating that an "odometer bypass switch" was once installed in and subsequently removed from the odometer circuit, they fail to refute the plaintiffs' assertion that two wires located in the odometer circuit had been soldered together and covered with duct tape. Moreover, Ian Pratt offers that the manufacturer does not install bypass switches. I find this statement peculiar. It is readily apparent from the plaintiffs' affidavits that they believe the defendants temporarily installed such a device, not that the defendants removed a *bypass* switch pre-installed by the manufacturer. This is the kind of

feigned ignorance that calls an affiant's testimony into doubt.

### Discussion

"The Odometer Act requires any person transferring ownership of a motor vehicle to give the transferee an accurate, written disclosure of the odometer reading or, if the transferor knows the odometer reading is not correct, a statement that the actual mileage is unknown." *Suiter v. Mitchell Motor Coach Sales, Inc.,* 151 F.3d 1275, 1277–78 (10th Cir.1998) (citing 49 U.S.C. § 32705(a)). The disclosure requirement exists to assist purchasers in determining a vehicle's value, safety and reliability. 49 U.S.C. § 32701(a)(1)-(3) & (b)(2). "If the transferor, with intent to defraud, fails to comply with these requirements, the transferor is subject to suit by the transferee and may be liable for treble damages or $ 1500, whichever is greater." *Suiter,* 151 F.3d at 1278 (citing 49 U.S.C. § 32710).[1] In addition, the Act provides that the court "shall award costs and a reasonable attorney's fees to [a claimant] when a judgment is entered for that person." 49 U.S.C. § 32710(b).

When considering an application for a writ of attachment, a federal court should consider "the law of the state in which the district court is held," unless federal or constitutional law dictates otherwise. Fed. R.Civ.P. 64. Pursuant to the Maine Rules of Civil Procedure, an order attaching a defendant's property "may be entered only after notice to the defendant and hearing[2] and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment ...." Me. R. Civ. P. 4A(c). "Motions for attachment must be supported by affidavit evidence that 'shall set forth specific facts sufficient to warrant the required findings.' Me. R. Civ. P. 4A(c), (i). The arguments of counsel cannot substitute for the required sworn statements of relevant facts." *Wilson v. DelPapa,* 634 A.2d 1252, 1254 (Me.1993).

▮▮▮ Weighing the affidavit evidence in the same manner as I would other evidence, *see id.,* I am persuaded that the plaintiffs are more likely than not to succeed in their claim of odometer fraud. However, Rule 4A requires a showing not just as to the likelihood of success on the merits of the claim, but also as to the likelihood of recovery in an amount at least equal to the sum attached. Sufficient evidence on the issue of damages must be such as would enable the Court to make an "informed projection" as to the amount of damages. *Id.* at 1255. The plaintiffs have not offered sufficient evidence to warrant an attachment in the amount of $24,000. In fact, the plaintiffs provide absolutely no evidence that would enable the Court to assign a value to their damages, although it is evident that damages likely exist in the form of excess vehicle depreciation and vehicle wear and tear. For instance, although they complain of excessive wear, they do not indicate how much they paid for the Corvette, how much less they estimate it to be worth in light of the alleged odometer fraud, or how they arrive at their estimate of current market value. The only assertion they offer is a conclusory statement in their motion, asserting

---

1. Title 49 U.S.C. § 32710(b) creates federal jurisdiction to enforce the Motor Vehicle Information and Cost Savings Act of 1972, recodified in 1994 as Chapter 327 of Title 49.

2. The Maine Law Court does not require that lower state courts conduct hearings on attachment motions when the defendant has had an opportunity to oppose the motion in writing, as the defendants herein have. *Southern Me. Props. Co. v. Johnson,* 1999 ME 37, ¶ 8, 724 A.2d 1255, 1257.

$5,000 in decreased value, but which is only signed by their counsel. This showing on damages fails to comply with Maine Rule 4A(i). Nevertheless, the Odometer Act requires the Court to award a successful claimant his or her costs and a reasonable attorney's fee, both of which may support an award of an attachment. Me. R. Civ. P. 4A(c). Plaintiff's counsel has submitted an affidavit, asserting that his good faith estimate of costs is "at least $1500" and that he anticipates 50 hours in the case at the rate of $150 per hour. I consider these figures to be within the scope of reasonableness.

### Conclusion

For the foregoing reasons, I **GRANT** the plaintiffs' motion for attachment in the amount of $9000. Plaintiffs' counsel shall submit an appropriate order of attachment for the court's signature.

### *CERTIFICATE*

A. The Clerk shall submit forthwith copies of this Order to counsel in this case.

B. Counsel shall submit any objections to this Order to the clerk in accordance with Fed.R.Civ.P. 72.

*So Ordered.*