STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO: CV-11-191
                                        JON - YOR - 3/9/12


CAROLYN G. ISHAM

        Plaintiff

    v.

HOLLY GRAY

        Defendant/Third-party
        Plaintiff,

    v.

TIMOTHY ISHAM

        Third-party Defendant


## ORDER ON PLAINTIFF'S MOTION FOR ATTACHMENT AND TRUSTEE'S PROCESS

Before the court is the plaintiff's Motion for Attachment. The motion has

been fully briefed by the parties and oral argument was heard on March 8, 2012.


## BACKGROUND


## DISCUSSION

Under M.R. Civ. P. 4A(a) a plaintiff may seek to have the court attach real

estate, goods and chattels, and other property to satisfy the judgment for

1

damages and costs that the plaintiff may recover. However, no property may be attached until there is a

> finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security…available to satisfy the judgment.

M.R. Civ. P. 4A(c). The motion for attachment must be supported by affidavit(s) to warrant such a finding and those affidavits must put forth statements based upon the affiant's personal knowledge or information and belief that the affiant believes is true. M.R. Civ. P. 4A(c) and (i).

The "more likely than not" standard of M.R. Civ. P. 4A(c) means that the applicant must convince the court that it has a greater than fifty percent chance of winning the case. *Richardson v. McConologue*, 672 A.2d 599, 600 (Me. 1996) (citing M.R. Civ. P. 4A advisory committee's note to Feb. 15, 1992, amend., 602-617 Me. Rptr. XCII; *Wilson v. DelPapa*, 634 A.2d 1252 (Me. 1993)). This standard applies not only to success on the merits but also the amount in which attachment is sought. *Schneider v. Cooper*, 687 A.2d 606, 608 (Me. 1996).

The amount established by the plaintiff may not be set off by claims of the non-moving party. *Casco Northern Bank, N.A. v. New England Sales, Inc.* 573 A.2d 795, 797 (Me. 1990). In order to preserve any right the defendant has to recover against the plaintiff, the defendant must also bring a motion for attachment in accordance with the rule. If insurance, a bond, or other security, is available to pay the claim, the amount of attachment cannot exceed the amount of security plus the likely recovery. In effect the existence of a security means the amount attached is reduced. A security granted by a principal debtor cannot be used to

2

reduce the attachment of a guarantor because a guarantee is an independent obligation. *Casco Northern Bank, N.A. v. Moore*, 583 A.2d 697, 699 (Me. 1990).

The Plaintiff has brought claims of breach of contract, quasi-contract, quantum meruit, and money had and received[1] against the Defendant. The Plaintiff has submitted her own affidavit, detailing the amounts "loaned" and the totals due, and an affidavit from her son, Timothy Isham, describing the oral loan agreement. The Defendant has submitted an affidavit in opposition describing her understanding of the terms of each transaction. The court will examine each count separately to determine if the Plaintiff has met the applicable standard.

The Plaintiff is not "more likely than not" to prove her breach of contract claim. The only evidence before the court is the conflicting testimony of Timothy Isham and Holly Gray. Carolyn Isham merely alleges that the payments were loans but does not provide any facts proving that a contract for repayment was formed. Furthermore, although there is no evidence that the "loans" were to be paid over a time frame greater than one year, the court assumes that this is the case given the nature of the transaction. Contracts where performance is not to be completed within one year must satisfy the statute of frauds and no action will lie unless there is written evidence of the contract. 33 M.R.S. § 51(5). The cancelled checks produced as evidence are insufficient proof that the transfer of money was a loan and does not indicate any repayment terms.

An action for quasi-contract lies when no contract was formed, for reasons such as failure to comply with the requirements of the statute of frauds. "For a

---

[1] This count is asserted in the Plaintiff's Amended Complaint. It is unclear whether the court should consider this count when considering the motion to attach given that the motion to amend the complaint was granted after the motion to attach was filed and given the fact that the Defendant has not had the opportunity to oppose the motion to attach on the basis of this claim. Even so, for similar reasons to the other counts, attachment on this theory is denied.

3

party to succeed on a theory of quasi-contract it must show that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Mushero v. Hill*, 667 A.2d 853, 855 (Me. 1995). Carolyn Isham has not alleged any conversation or other communication between Holly Gray and herself that would give rise to circumstances that make it reasonable for her to expect payment.

"*Quantum meruit*, also sometimes labeled 'contract implied in fact, involves recovery for services or materials provided under an implied contract. ... Unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay, and the "damages analysis is based on principles of equity, not contract." *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269.

The circumstances are not more likely than not to show that the parties were acting as if they were in a contractual relationship. The action in unjust enrichment presents a closer question but the only evidence is conflicting sworn statements. The only thing that currently might suggest some kind of expectation of repayment is the fact that the money came from the home equity line of credit and if Gray was aware of that fact, then she may have been aware of Isham's expectation of repayment. However at this point the court cannot

4

conclude that the Plaintiff's burden has been met and the Motion for Attachment is denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 3/9/12

_____
John O'Neil
Justice, Superior Court


ATTORNEYS FOR PLAINTIFF:
TIMOTHY NORTON
TIMOTHY E STEIGELMAN
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME    04112-0597

ATTORNEYS FOR DEFENDANT:
SUSAN B DRISCOLL
LAURA WHITE
BERGEN & PARKINSON LLC
62 PORTLAND RD SUITE 25
KENNEBUNK ME    04043

ATTORNEY FOR 3RD PARTY DEFENDANT:
ROBERT MITTEL
MITTEL ASEN LLC
PO BOX 427
PORTLAND ME    04112-0427