STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss                                 CIVIL ACTION
                                               DOCKET NO. CV-18-201

FINANCE AUTHORITY OF
MAINE,

            Plaintiff                          ORDER ON DEFENDANT
                                               GRIMNES'S MOTION
v.                                             FOR RECONSIDERATION

HARBOR TECHNOLOGIES,
LLC and MARTIN GRIMNES,

            Defendants

Before the court is defendant Martin Grimnes's motion for reconsideration of the court's

entry of judgment in favor of plaintiff Finance Authority of Maine (FAME) on July 30, 2019. For

the following reasons defendant Grimnes's motion is DENIED.

I.      Procedural Background

The parties' trial briefs were filed on April 18, 2019. Jury-waived trial was held on April

23, 2019, on count II, collection on guarantee, of plaintiff's complaint. Defendant Grimnes moved

for judgment as a matter of law at the conclusion of the trial. Defendant Grimnes filed his post-

trial brief on May 6, 2019. Plaintiff's filed its reply to defendant Grimnes's post-trial brief on May

10, 2019. On July 30, 2019, the court denied defendant Grimnes's motion for judgment as a matter

of law and entered judgment in favor of plaintiff.

Defendant Grimnes filed a motion for reconsideration on August 12, 2019. M.R. Civ. P.

7(b)(5). Plaintiff filed an opposition to the motion on September 3, 2019. Defendant Grimnes

filed a reply to plaintiff's opposition on September 6, 2019.

Entered on the Docket: 9/25/19                 REC'D CUMB CLERKS OFC
                                               SEP 24 '19 PM2:32

1

II.  Standard of Review

A motion for reconsideration "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking to reargue points that were or could have been presented to the court on the underlying motion." Shaw v. Shaw, 2003 ME 153, ¶ 8, 839 A.2d 714 (quotation marks omitted).

III.  Discussion

Defendant Grimnes requests the court to reconsider its entry of judgment in favor of plaintiff on July 30, 2019. In defendant Grimnes's motion for reconsideration, he argues that because defendant Grimnes was an account debtor, plaintiff was required to proceed in a commercially reasonable manner pursuant to the Uniform Commercial Code and that the court incorrectly determined that the Uniform Commercial Code did not apply to defendant Grimnes in this collection action. (Def. Grimnes's Mot. Reconsideration 1-8.) This is the same argument defendant Grimnes raised in his trial brief, at trial, and in his post-trial brief and that was considered by the court in its July 30, 2019 judgment. Defendant Grimnes's motion does not raise "an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). Defendant Grimnes's motion is reargument.

The entry is

Defendant Martin S. Grimnes's Motion to Reconsider is DENIED.

Date:  September 24, 2019

Nancy Mills
Justice, Superior Court

2

   

Case Search   Open Financials   Print Docket   Reports/Forms

Filter attorneys for party:   - All Parties -

| | Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|---|
| ⊘ ☑ ✉ | **Krakowka, Katherine** | **Martin Grimnes - 3 Def...** | **Retained** | **05/29/2018** |
| ☑ ✉ | Marcus, George | Martin Grimnes - 3 Def... | Retained | 05/16/2018 |
| ☑ ✉ | Felkel, Daniel | Finance Authority Of M... | Retained | 05/11/2018 |

Skip

9/24/19

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 18 - 201

FINANCE AUTHORITY
OF MAINE,

    Plaintiff

v.

HARBOR TECHNOLOGIES,
LLC and MARTIN GRIMNES,

    Defendants

JUDGMENT

REC'D CUMB CLERKS OFC
JUL 30 '19 PM2:16

Jury-waived trial was held on April 23, 2019 on count II, collection on guarantee, of plaintiff Finance Authority of Maine's complaint against defendant Martin Grimnes. Default judgment in the amount of $340,476.25 was entered in favor of plaintiff and against defendant Harbor Technologies, LLC on January 24, 2019. Defendant Grimnes moved for judgment as a matter of law at the conclusion of the trial. The parties' memoranda were filed on May 6 and May 10, 2019.

Facts

The parties presented stipulated facts at trial. Those facts are incorporated into this judgment by reference. In addition, plaintiff called three witnesses to testify: Jennifer Cummings, Director of Business Programs at plaintiff; Christopher Roney, general counsel for plaintiff; and defendant Grimnes.

Plaintiff has an unconditional guarantee from defendant Grimnes but no security agreement against him. (Ex. C, at 8.) In 2016-2017, Kenway Corporation purchased the note and secured position from Border Trust and had the first lien on the Harbor Technologies' property. (Ex. A.)

1

Plaintiff continued to have a junior security interest against defendant Harbor Technologies but did not take possession of Harbor Technologies' assets and sold none of its assets.

In late 2015, after a notice of sale, Kenway began selling the Harbor Technologies assets and took assets in satisfaction of its debt. Plaintiff monitored the sale closely and pressured Kenway to maximize the proceeds from the sale so plaintiff could receive some amount. Kenway filed a notice to retain, as opposed to selling, collateral. Plaintiff objected.

Plaintiff determined not to take possession or sell any collateral owned by Harbor Technologies. The three trial witnesses agreed plaintiff took no action to enforce its security interest. (See Grimnes 5/22/18 Aff. ¶¶ 12, 17.) At the conclusion of the sale, plaintiff received none of the sale proceeds and a balance remains owed to plaintiff.

Discussion

Section 9-1607(3) of the Uniform Commercial Code provides:

> (3) A secured party shall proceed in a commercially reasonable manner if the secured party:
> (a) Undertakes to collect from or enforce an obligation of an account debtor or other person obligated on collateral; and
> (b) Is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor or a secondary obligor.

11 M.R.S. § 9-1607(3) (2018). Defendant Grimnes argues that plaintiff had the burden of proving that it acted in a commercially reasonable manner under the UCC through expert testimony and that plaintiff has not met that burden. Plaintiff argues that this is a collection action on a note and guarantee and the UCC does not apply.

Plaintiff took no action to enforce its security interest against Harbor Technologies. Accordingly, the provisions of the UCC, including sections 9-1607(3) and 9-1626(1)(a) cited by defendant Grimnes, do not apply. See Leighton v. Fleet Bank, 634 A.2d 453, 457 & n.2 (Me. 1993). Plaintiff is permitted to pursue a guarantor, defendant Grimnes, rather than attempting to

2

recover on secured collateral. Id. at 457; see Pensco Tr. Co. v. Blewett, 2013 U.S. Dist. LEXIS 90016 *9-10 (D. Idaho June 21, 2013). Plaintiff has an independent action against defendant Grimnes as guarantor notwithstanding the existence of any security to satisfy Harbor Technologies' obligation. See Casco N. Bank, N.A. v. Moore, 583 A.2d 697, 698 (Me. 1990).

The entry is

> Defendant Martin S. Grimnes's Motion for Judgment as a Matter of Law is DENIED.
>
> Judgment is entered in favor of Plaintiff, Finance Authority of Maine, and against Defendant Martin S. Grimnes in the amount of $374,674.38 plus prejudgment interest at the rate of 5.25%, post judgment interest at the rate of 8.59%, plus costs of collection, including attorney's fees.

Date: July 30, 2019

Nancy Mills
Justice, Superior Court

3