SOPHIA B. STEVENSON *vs.* EDMUND A. FULLER.

Waldo. Opinion June 30, 1883.

*Contract. Breach. Damages. Levy.*

F agreed in writing under seal that E should give to S, or her heirs, a good and sufficient bond for a quitclaim deed of the place on which S lived, after the expiration of three days from that date, or at any time when called for after said three days, and therein specified what should be the conditions of the bond. No bond was ever delivered to S, though a demand therefor was made upon E and F, each of them. *Held*, That the failure to deliver the bond,

constituted a breach of contract for which F was liable, the measure of damages being the value of the land, subject to the incumbrances to be removed — the value of the equity of redemption of the land.

A levy is fatally defective where the appraisers describe certain premises, and set off all except a portion which is only described by giving two of its boundary lines, the officer making the appraisement a part of his return.

ON REPORT.

Debt on a contract under seal, the writ bearing date October 4, 1881. The plea was general issue, with brief statement setting up performance, and if there had been a failure that the plaintiff had suffered no damage.

The opinion states the material facts upon which it rests.

*Thompson and Dunton,* for the plaintiff, cited : *Hill* v. *Hobart,* 16 Maine, 164; *Warren* v. *Wheeler,* 21 Maine, 484; *Russell* v. *Copeland,* 30 Maine, 332.

*William H. Fogler,* for the defendant.

The deed from the plaintiff to Robert Elliot, although absolute in form, was, in fact, given as security for money loaned, and other indebtedness.

The transaction, independent of the obligation given by the defendant to the plaintiff, constituted an equitable mortgage in which the plaintiff was the mortgagor, and Robert Elliot was the mortgagee.

The right of the plaintiff to redeem the premises conveyed, by payment of the debt or debts, to secure which the conveyance was made, existed, independently of the obligation given by the defendant, and this right to redeem the plaintiff still possesses. *Stinchfield* v. *Milliken,* 71 Maine, 567; *Peugh* v. *Davis,* 96; U. S. 332; *Campbell* v. *Dearborn,* 109 Mass. 130; Jones on Mortgages, § 282, *et seq.*

If Elliot had given the plaintiff such a bond as the defendant's obligation describes, the transaction would have constituted a mortgage merely. The plaintiff's right to redeem and Elliot's. obligation to release his title upon payment of the amount due,. would have existed the same as now. The plaintiff's right would have been no stronger, Elliot's obligation no more binding.

Admitting that there has been a breach of the defendant's obligation, the plaintiff has thereby suffered no damage. She has the same interest in the premises conveyed by her, the same right to redeem, and to compel the mortgagee to account, and the same power to compel a release on payment of her debt, as she would have had, if Elliot had executed and delivered to her, within the three days, the bond described in defendant's obligation. She is therefore entitled to merely nominal damages. *Hadley* v. *Baxendale*, 26 Eng. L. and Eq. 398; *Miller* v. *Mariner's church*, 7 Maine, 51; *Grindle* v. *Eastern Express*, 67 Maine, 317; *Thoms* v. *Dingley*, 70 Maine, 100; *Derry* v. *Flitner*, 118 Mass. 131; *Pollard* v. *Porter*, 3 Gray, 312.

Nominal damages are adequate, because: (1,) The plaintiff has a perfect remedy against the representatives of Robert Elliot, and it is her duty to first avail herself of such means of protecting herself from loss. See cases last cited. (2,) As neither the administrator nor devisee of Robert Elliot are parties to this suit, a recovery by the plaintiff will be no estoppel to the maintenance of a bill in equity to redeem against the representatives of Robert Elliot. Bigelow on Estoppel, pp. 46 *et seq.* and 75. (3,) Mrs. Elliot, as devisee of Robert Elliot, has executed a bond corresponding in all particulars to the stipulations of defendant's obligation, and, the plaintiff being out of the state, has tendered it to her attorneys. This offer is a proper element to be considered in estimating the damages.

APPLETON, C. J. On April 20, 1875, the plaintiff gave a warranty deed of the Sawyer place to Robert Elliot, as security for a yoke of oxen, and one hundred dollars to be delivered to her husband, but no bond was given back.

On the same day this defendant gave this plaintiff a guaranty in the following terms:

"I, Edmund A. Fuller, of Freedom, hereby agree to guarantee, in the sum of two thousand dollars, to be paid to Mrs. Sophia B. Stevenson, or her heirs, that Robert Elliot or his heirs shall give to said Sophia B. Stevenson, or her heirs, a good and sufficient bond for a quitclaim deed to the Sawyer place, on which she now lives, after the expiration of three days from this date, or at any

time when called for after three days ; said bond shall specify the time of redeeming the said property, and the conditions shall be the payment of all sums to the said R. Elliot, and Elliot and Fuller.

"Also that D. D. Stevenson shall have a yoke of cattle to work on his place.   Also one hundred dollars.

Edmund A. Fuller, (L. S.)"

"Montville, April 20, 1875.

"Witness, Samuel N. Stevenson."

The oxen and the money were delivered in pursuance of the defendant's contract, but no bond was ever offered by the defendant, or executed by Elliot, though a demand was made on each.

The suit is upon the defendant's contract.   It was his duty to deliver the required bond. It was never done.  His contract has not been performed.  He is liable for its breach.  *Prentiss* v. *Garland*, 65 Maine, 156.

There being a breach of the defendant's contract, the plaintiff is entitled to damage.   If the contract had been that Elliot should deliver stock, or a horse, or any specific article, the damage would be the value at the time and place specified of the article to be delivered.  But it matters not what was to be delivered, whether a bond or stock.   The true measure of damages is the value of the land, subject to the incumbrance to be removed.   The bond, if given, would have been equivalent in value to the equity of redemption.  For such value the plaintiff is entitled to recover.

It has been urged that the plaintiff might have obtained redress by proceedings in equity.   Whether she could or could not, may be uncertain.   She was under no obligation to risk the expense and uncertainties of litigation.   This is a suit at common law. All the defendant had to do was to perform his contract.   That done, he would not be liable in damages.  It is urged in reduction of damages that the plaintiff, by possible litigation, might have relieved the defendant from the performance of his contract, or from damages arising from its non-performance.   But she was under neither legal nor moral obligation to litigate with a third party, at her own expense, but for his benefit.   This suit must

be decided upon the legal rights of the parties arising under it, and not upon the possible results of equitable proceedings, which the defendant could not require the plaintiff to bring, especially when he neglected or refused to procure and deliver the bond, which would have been conclusive evidence in such proceedings. *Cooper* v. *Page*, 24 Maine 72; *Prentiss* v. *Garland*, 65 Maine, 156.

It is in evidence that on November 11, 1873, one Benjamin Williams commenced a suit against this plaintiff for a debt on which her real estate was attached — that at the following April term her husband, Daniel D. Stevenson, was summoned as a party, and that the action proceeded to judgment — that on such judgment an execution issued, and that a portion of the Sawyer place was taken by levy on February 5, 1875, and appraised at $705.87. The judgment was against both defendants, and the levy was made on the premises, as "the estate in fee simple, of Sophia B. Stevenson and Daniel D. Stevenson," though the title was in the wife. The validity of the levy becomes of importance in the assessment of damages.

The appraisers describe certain premises which they examined, from which they except and reserve "a piece of land, and the buildings thereon, commencing at said road, at the easterly end of a forty foot barn, standing on that portion of the land hereby set off; thence northerly on a line with the easterly end of said barn ten rods; thence easterly on a line parallel with said road to land of said John McFarland." It will be perceived that but two sides of the portion excepted and reserved from the levy are given. The other sides, their length of line and their courses are left to the imagination. The officer makes the appraisement a part of his return, which it will be seen is fatally defective — no boundaries being given for the land excepted from the levy.

The plaintiff's estate was subject to taxation, and to the advances made at the date of the conveyance to Elliot. She remained in the occupancy of the premises up to May 1, 1881, when possession was taken of the same.

The farm, according to the evidence, was worth twelve hundred dollars, when the plaintiff left the premises October, 1880.

From this sum is to be deducted the amount of taxes paid by defendant and interest thereon, and the further sum of two hundred and sixty-five dollars and interest from the date of the defendant's contract, April 20, 1875, to October, 1880. Interest is to be calculated on the balance thus ascertained, to the date of the judgment, and execution to issue for the balance so found.

DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.