TOP LINE DISTRIBUTORS, INC.

v.

Robert D. SPICKLER

Supreme Judicial Court of Maine.

Argued April 28, 1987.

Decided May 21, 1987.

James B. Haddow (orally), Graydon G. Stevens, Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Robert D. Spickler (orally), pro se.

Before McKUSICK, C.J., and ROBERTS, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, Robert Spickler, the guarantor of a contract entered into between the plaintiff, Top Line Distributors, Inc. (Top Line), and Ocean View Harbor Homes (Ocean View) appeals from a judgment of the Superior Court, Cumberland County, affirming the judgment of the Dis-

trict Court, Portland.[1] The District Court granted judgment in favor of Top Line after denying Spickler's motion to dismiss its complaint, and ruled for Top Line on Spickler's counterclaim. Spickler also contends the District Court erred in awarding Top Line reasonable attorneys' fees. We find no error in the District Court judgment.

In October, 1971, Spickler entered into a contract with Top Line absolutely guaranteeing payment on an underlying contract between Top Line and Ocean View for building materials. In June 1977, claiming amounts due on the underlying contract, Top Line filed a complaint in two counts naming as defendants both Spickler and Ocean View. Count I was directed against Ocean View; Count II was directed against Spickler on the guaranty contract. Spickler cross-claimed against Ocean View for the price of materials Spickler had sold Ocean View in June 1972. Neither Top Line nor Spickler served process on Ocean View. In February 1980, Spickler counterclaimed against Top Line seeking to hold Top Line liable for the amount Spickler lost in his cross claim. Spickler's theory was that his cross claim against Ocean View was barred by the six-year statute of limitations[2] caused by Top Line's negligent failure to serve process on or make Ocean View a party. Spickler also moved to dismiss Top Line's claim on the ground that Ocean View was an indispensable party. The District Court denied the motion to dismiss and ruled in favor of Top Line on its claim and Spickler's counterclaim.

### I.

▮ Spickler erroneously contends that Ocean View was an indispensable party to Top Line's claim against him and that the District Court erred in failing to dismiss Top Line's action. *See* M.R.Civ.P. 19. A guaranty contract is an undertaking collateral to a principal obligation and binds only those who are parties to the guaranty contract itself. Ocean View was not a party to the guaranty contract. It was therefore unnecessary for Top Line to proceed against Ocean View in order to recover on the guaranty contract. *See Prentiss v. Garland*, 64 Me. 155, 156 (1875); *see also United States v. Southern Cycle Accessories, Inc.*, 567 F.2d 296, 298 (5th Cir.1978); *United States v. Ryan*, 334 F.Supp. 1345, 1348 (D.Neb.1972) (applying Nebraska law).

### II.

▮ Spickler also errs in contending that he was entitled to judgment on his counterclaim because Top Line, having named Ocean View as a defendant, failed to serve Ocean View within the six-year statute of limitations. Top Line clearly owed Spickler no duty to litigate with Ocean View for his benefit. *See Stevenson v. Fuller*, 75 Me. 324, 327 (1883). Moreover, Spickler could have averted his harm simply by serving process on Ocean View. In the absence of a duty to serve Ocean View, Top Line is not liable for any injury incurred by failing to bring Ocean View into the action in a timely manner.

### III.

▮ Finally, Spickler asserts error in the District Court's award of reasonable attorneys' fees to Top Line. It is well-settled law in Maine that, except for certain types of tortious conduct, courts have no authority to award attorneys' fees unless provided by statute or by agreement of the parties. *Elliott v. Maine Unemployment Ins. Comm'n*, 486 A.2d 106, 111 (Me.1984); *Poussard v. Commercial Credit Plan, Incorporated of Lewiston*, 479 A.2d 881, 883 (Me.1984).

▮ The District Court based its award on the following language in the guaranty contract:

---

1. We note that, acting in its capacity as an intermediate appellate court, the Superior Court entered "appeal denied" when it affirmed the judgment of the District Court. The correct entry is "judgment affirmed."

2. Title 14 M.R.S.A. § 752 (1980) provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards...."

I [Spickler] will protect, indemnify and save harmless ... Top Line Distributors, Inc.[,] from any and all losses, *cost of collection,* and any damage it may suffer by reason of any sale made to ... Ocean View Harbor Homes.

(Emphasis added.) Whether the phrase "cost[s] of collection" includes attorneys' fees depends on construction of the contract. *See, e.g., Bank of Maine, N.A. v. Weisberger,* 477 A.2d 741, 745 (Me.1984); *Ocean National Bank of Kennebunk v. Odell,* 444 A.2d 422, 427 (Me.1982). Where, as here, the phrase appears in what is essentially a promissory note, it usually means the same as "collection fees," "expenses of collection" or "attorneys' fees." *See, e.g., Cox v. Hagan,* 125 Va. 656, 679–80, 100 S.E. 666, 674 (1919); *McClain v. Continental Supply Co.,* 66 Okla. 225, 228, 168 P. 815, 818 (1917); *Letcher v. Wrightsman,* 60 Okla. 14, 14–15, 158 P. 1152, 1152–53 (1916). In the absence of any evidence to the contrary, we conclude that "cost of collection" in this guaranty contract includes reasonable attorneys' fees.

The entry is:

Judgment of the Superior Court, as modified to affirm the judgment of the District Court, is affirmed.

All concurring.