**Joseph SZIRBIK**

v.

**Alwynne SZIRBIK.**

Supreme Judicial Court of Maine.

Argued Oct. 31, 1988.
Decided Oct. 31, 1988.

---

Jacob Apuzzo (orally), Reagan, Adams & Apuzzo, Kennebunk, for plaintiff.

Robert A. Laskoff (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Alwynne Szirbik appeals the affirmance by the Superior Court (Cumberland County; *Brennan, J.*) of the District Court (Portland; *Kellam, J.*) judgment dissolving her marriage to Joseph Szirbik, dividing the spouses' property, and denying alimony and attorney fees to both parties. She fails to demonstrate any reversible error in the divorce judgment.

The parties, then in their fifties, met through a *Maine Times* personal advertisement in October of 1983, were married in March of 1984, and separated in September of 1984. Joseph brought this action in June of 1985. The divorce court ordered, with some minor exceptions not disputed on appeal, that the de facto allocation of prop-erty at the time of the judgment be made permanent.

■ At the outset we reject, without need for extensive discussion, Alwynne's contention that the divorce court committed an error of law in failing to award her alimony. On the facts of the present case, the denial of alimony fell well within the discretion of the divorce court. *See Prue v. Prue*, 420 A.2d 257, 259 (Me.1980).

■ Alwynne alleges two further errors of law by the divorce court. First, as the sole concern she expresses regarding the court's division of property, she argues that the court failed to account properly for the income from the Shannon Motel in Yarmouth owned and operated by Joseph before and during the marriage until he sold it in December 1985. The income from the motel during the Szirbiks' marriage is presumptively marital property. *Macdonald v. Macdonald*, 532 A.2d 1046, 1049 (Me. 1987). Although the judgment "finds marital property exists consisting of personal property," it does not expressly delineate which personal property is marital or whether any income of the motel earned in the period between March 1984 and December 1985 still remained on the date of judgment. The divorce judgment, instead of that specificity, allocates to each spouse the personal property that on the date of the judgment stood in the possession or name of that spouse, whether it was marital or nonmarital.

Both the judgment and the subsequent findings of fact and conclusions of law are entirely consistent with a valid application of *Macdonald* to the facts of this case. Alwynne made a detailed request for findings of fact, but conspicuously absent therefrom was any request for findings as to what constituted marital and nonmarital property, and more specifically as to what part, if any, of the property then standing in Joseph's name represented income earned at the motel during wedlock. In absence of express findings relevant to the wife's argument on appeal, the appellate court is required to assume factual findings favorable to the appellee, and then will review those assumed findings on a "clear-

ly erroneous" standard. *See Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981). The record fully supports an assumed finding by the District Court that the relatively modest income from the motel ($9,600 in 1984 and $6,600 in 1985) was exhausted by the ordinary living expenses of the couple. In any event, on this record the wife on appeal does not, and cannot, demonstrate any abuse of discretion on the part of the District Court in making its ultimate division of property between the divorcing spouses. *See Most v. Most*, 477 A.2d 250, 262 (Me.1984).

 Finally, Alwynne argues that the District Court judge erred in stating that "upon an award of alimony, it is appropriate for the Court to consider relative counsel fees," thereby implying that he did not even consider a fee award once he had made his decision not to award alimony. We find no error in the judge's statement or in his denial of counsel fees. The judge's language closely tracks the statutory language: "When making a final decree, the court may order a party charged with payment of support, alimony or money in place of alimony to pay reasonable counsel fees." 19 M.R.S.A. § 722(3) (1981). In *Smith v. Smith*, 419 A.2d 1035, 1040 (Me.1980), we held that the "payor spouse" may be required to pay the other spouse's fees even on a post-judgment motion for reduction of alimony in which the payor of alimony has prevailed. The controlling statute, however, does not authorize the court in entering a final divorce decree to award a counsel fee against a non-payor spouse. In absence of statutory authorization or agreement of the parties for the award of counsel fees, the American Rule prevails. *See Top Line Distributors, Inc. v. Spickler*, 525 A.2d 1039, 1040 (Me.1987).

Subsection (3) of 19 M.R.S.A. § 722 authorizing the award of fees in a final divorce decree only if that decree orders the payment of support or alimony stands in contrast to the immediately preceding subsection (2), which does authorize the award of fees pending hearing on a post-judgment enforcement motion, and also in contrast to 19 M.R.S.A. § 693 (1981), which authorizes the award of fees pending a divorce action, even in the absence of any interim support award. Divorce actions are creatures of statute. *See Harmon v. Emerson*, 425 A.2d at 983. The legislature has carefully delineated the exceptions it carves out of the American Rule for divorce matters. The present final divorce decree awarding the wife no support or alimony does not fall within any statutory exception.

The entry is:

JUDGMENT AFFIRMED.

MANDATE TO ISSUE FORTHWITH.

All concurring.