2004 ME 11

**STORAGE REALTY CORPORATION**

v.

**NORTH AMERICAN ENVIRONMENTAL SERVICES, INC., et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2003.
Decided: Jan. 22, 2004.

Thimi R. Mina (orally), McCloskey, Mina & Cunniff, LLC, Portland, for plaintiff.

Sidney St. F. Thaxter (orally), Curtis Thaxter Stevens Broder & Micoleau, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] North American Environmental Services, Inc. (Environmental) and North American Industrial Services, Inc. (Industrial) appeal from judgments entered in the Superior Court (Cumberland County, *Warren, J.*) awarding Storage Realty Corporation damages and attorney fees, and against Environmental and Industrial on their counterclaims. Environmental and Industrial assert, *inter alia,* that the trial court erred in determining that a lease by and between Storage Realty and Environmental provided for attorney fees. We disagree and affirm the judgments, including the award of attorney fees.

[¶ 2] In August of 1999, Storage Realty and Environmental signed an agreement whereby Storage Realty leased real property in Westbrook to Environmental. Among other things, the lease provided that Environmental would pay monthly rent and all property taxes assessed against the leased property. Paragraph fifteen of the lease contained the following language:

> TENANT will defend and except to the extent caused solely by the negligence or will full [*sic*] conduct of LANDLORD, will indemnify LANDLORD and its employees, agents and management company, and save them harmless from any injury, loss, claim, damage, liability and expense (including reasonable attorneys' fees) in connection with the loss of life, personal injury or damage to property or business, arising from, related to, or in connection with the occupancy or use by TENANT of the leased premises or any part of LANDLORD's property or the building, or occasioned wholly or in part by any act or omission of TENANT ... while on or about the leased premises. TENANT shall also pay LANDLORD in successfully enforcing any obligation, covenant or agreement of this Lease or resulting from TENANT's breach of any provisions of this Lease.

[¶ 3] "An award of attorney fees must be based on: (1) a contractual agreement between the parties; (2) a specific statutory authorization; or (3) the court's inherent authority to sanction serious misconduct in a judicial proceeding." *Truman v. Browne,* 2001 ME 182, ¶ 13, 788 A.2d 168, 171.

[¶ 4] In this case, we are faced with the question of whether the language of the lease supports the trial court's conclusion that the tenant agreed to pay the landlord's attorney fees in the event of the tenant's default. It is the second sentence of paragraph fifteen that is at issue. Environmental asserts that it was error for the trial court to read that sentence as providing for an award of attorney fees. Storage Realty contends that to read it in any other way would render the language meaningless. Environmental argues that

the absence of the words "attorney fees" prohibits the award of attorney fees.

[¶ 5] In *Top Line Distributors, Inc. v. Spickler,* the use of the term "attorney fees" was not required to uphold an award of fees based upon agreement of the parties. *Top Line Distribs., Inc. v. Spickler,* 525 A.2d 1039, 1041 (Me.1987). In *Top Line,* the trial court based the award on language from a guaranty which provided "I [Spickler] will protect, indemnify and save harmless ... Top Line Distributors, Inc.[,] from any and all losses, *cost of collection,* and any damage it may suffer by reason of any sale made to ... Ocean View Harbor Homes." *Id.* at 1041 (alterations in original). We affirmed the judgment.

[¶ 6] Here, Environmental contends that, because the first sentence specifically sets forth the items for which Environmental is to hold Storage Realty harmless: "any injury, loss, claim, damage, liability and expense (including reasonable attorneys' fees)", and the second sentence does not specifically refer to attorney fees, the agreement must be read to mean that the "attorney fees" language was purposefully left out of the sentence. The second sentence states, "TENANT shall *also* pay LANDLORD in successfully enforcing ... this Lease." (Emphasis added.) The use of the word "also" to modify the word "pay" can only be read to refer back to the previous list, which specifically includes attorney fees. The lease, designated as a "net lease," obligates the tenant to pay not only rent, but also real estate taxes, and plate glass repair; to provide liability insurance, and limits the landlord's liability to interest in the building. These provisions are wholly consistent with a tenant's obligation to pay the landlord's attorney fees in the event of the tenant's default, and in furtherance of the landlord's desire to receive "net" rent.

[¶ 7] The other contentions of Environmental and Industrial do not merit comment.

The entry is:

Judgments affirmed. Remanded to the Superior Court for assessment of attorney fees on this appeal.