

<u>LeDuc v. Cathedral Ledge Condominium Owners Assn., Inc.</u>, CV-09-217 (Superior Ct. Cumberland)

Before the court is a motion by defendant Cathedral Ledge Condominium Owners Association (Cathedral Ledge) to dismiss the complaint for lack of personal jurisdiction. Cathedral Ledge is a New Hampshire corporation with a principal place of business in New Hampshire.

1. <u>Legal Standard</u>

Maine's long arm statute, 14 M.R.S. § 704-A, authorizes Maine courts to exercise jurisdiction over non-residents to the extent that such jurisdiction comports with due process. To satisfy due process, a three-pronged test must be met: (1) Maine must have a legitimate interest in the subject matter of the litigation; (2) the defendant by its conduct reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine courts must comport with traditional notions of fair play and substantial justice. E.g., <u>Bickford v. Onslow Memorial Hospital Foundation Inc.</u>, 2004 ME 111 ¶10, 855 A.2d 1150, 1155.

The plaintiff has the burden of the first two prongs of this test, after which the burden shifts to the defendant to negate the third prong. <u>Id.</u> Where there has been no testimonial hearing and the court considers the parties' pleadings and affidavits, plaintiff need only make a prima facie showing that jurisdiction exists. <u>Commerce Bank & Trust Co. v. Dworman</u>, 2004 ME 142 ¶8, 861 A.2d 662, 665. The record is construed in the manner most favorable to the written allegations supporting jurisdiction. <u>Id.</u>

2. <u>Facts</u>

The following facts are derived from the complaint, from the affidavit of Christine Poliquin submitted in support of the motion to dismiss, from the affidavit of Martha Gaythwaite submitted in opposition to the motion to dismiss, from the exhibits to the Gaythwaite affidavit, and from the memorandum submitted on behalf of plaintiff Florence LeDuc in opposition to the motion to dismiss. Neither party has requested an evidentiary hearing on the jurisdictional issue.

Cathedral Ledge sells timeshare interests in condominium units located in Intervale, New Hampshire.[1] Plaintiff Florence LeDuc is a resident of Maine who is an owner of a Cathedral Ledge timeshare interest. LeDuc alleges that she was injured when she fell in the parking lot of Cathedral Ledge's property in New Hampshire in December 2006, that she thereafter received medical treatment in Maine, and that her injuries resulted from negligence on the part of Cathedral Ledge.

Cathedral Ledge has timeshare owners from Maine and from such other states as New Hampshire, Massachusetts, Rhode Island, Connecticut, New Jersey, and Maryland. Three of the members of the Cathedral Ledge Board of Directors are from

---

[1] Some of the exhibits attached to the Gaythwaite affidavit describe the Cathedral Ledge property as being located in the neighboring community of Bartlett NH. Whether the units are located in Intervale NH or Bartlett NH has no bearing on the outcome of this motion.

Maine. Cathedral Ledge does not maintain any offices, any property, or any employees in Maine. Cathedral Ledge maintains a website which is accessible to Maine residents but which does not target Maine residents in any discernible fashion. Cathedral Ledge also maintains a small advertisement on the website of the Cranmore Mountain NH ski area which is not specifically directed at Maine residents but which may be seen by any Maine residents who access the Cranmore website.

With the possible exception of advertisements on Craigslist: Maine section (discussed below), Cathedral Ledge timeshares are not advertised in any publications circulated in Maine or in an any broadcast media that reaches Maine residents. In addition to its own website, Cathedral Ledge timeshares are advertised on other travel-related websites that are accessible to Maine residents and all other members of the general public. Cathedral Ledge also sends notices of assessments and other communications to the Maine addresses of those Maine residents, including LeDuc, who own Cathedral Ledge timeshares.

3. Discussion

Although this is a close case, the court concludes that defendant's objection to personal jurisdiction should be upheld. First, on the issue of whether Maine has a legitimate interest in the subject matter of this litigation, the Law Court has stated:

> Although Maine has an interest in providing its citizens with a means of redress against nonresidents . . . , an interest beyond mere citizenry is necessary, such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its borders.

Murphy v. Keenan, 667 A.2d 591, 594 (Me. 1995) (citations omitted). In this case, plaintiff's medical treatment largely occurred in Maine and her medical witnesses and records are in Maine, and the court will therefore conclude that the first prong of the due process test has been met. Otherwise, however, plaintiff has not articulated any significant state interest that Maine possesses in the subject matter of the litigation.

Where the court finds that plaintiff has fallen short is on the second prong of the due process test – whether Cathedral Ledge reasonably could have anticipated litigation in Maine. On this record the court does not find that plaintiff has made the required prima facie showing that Cathedral Ledge has "purposely availed itself" of the privilege of conducting activity within Maine. Id. Accord, Interstate Food Processing Corp. v. Pellerito Foods Inc., 622 A.2d 1189, 1192 (Me. 1993), quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985). Specifically, there is no evidence that Cathedral Ledge has purposely directed its activities at residents of Maine. See Interstate Food Processing Corp., 622 A.2d at 1192.

LeDuc has offered evidence that timeshare advertisements for Cathedral Ledge units are advertised on Craigslist: Maine section (Gaythwaite Afft. ¶ 10). However, there is no evidence that Cathedral Ledge placed those advertisements. All the evidence in the record is to the contrary – that Cathedral Ledge only advertises on its own website and on the Cranmore ski area website and that any other advertisements were placed not by Cathedral Ledge but by individual timeshare owners. See Poliquin Afft.

¶¶ 6, 11-12. Cathedral Ledge does advertise on the internet, but the court is not prepared to find that advertising on the internet – accessible to Maine residents but equally accessible to the residents of all other states and to any persons located anywhere in the world who have access to a computer – subjects a company to personal jurisdiction in Maine absent some other activity purposefully directed at Maine residents or conducted in Maine.

The fact that some Maine residents have purchased timeshares and thereafter received mail in Maine from Cathedral Ledge is not, in the court's view, evidence that Cathedral Ledge has purposefully availed itself of the privilege of conducting business in Maine.[2] Moreover, while the alleged negligence of Cathedral Ledge has resulted in effects in Maine,

> [t]he commission outside the forum state of an act that has consequences in the forum state is by itself an insufficient contact where all the events necessary to give rise to a tort claim occurred outside of the forum state.

Murphy, 667 A.2d at 595, quoting Frazier v. Bankamerica Intl., 593 A.2d 661, 663 (Me. 1991) and Martin v. Deschenes, 468 A.2d 618, 619 (Me. 1983).

The Law Court case that most strongly supports the assertion of personal jurisdiction in the case at bar is Bickford v. Onslow Memorial Hospital Foundation Inc., 2004 ME 111, 855 A.2d 1150. That case, however, is distinguishable for three reasons. First, the starting point for the Law Court's analysis in Bickford was the U.S. Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). See 2004 ME 111 ¶12, 855 A.2d at 1155. Calder and its progeny concern the specific problem of personal jurisdiction in defamation cases, involving false information that causes or is intended to cause reputational injury in the forum state. That line of cases is not on point where defamation is not at issue.

Second, the Law Court emphasized in Bickford that personal jurisdiction in Maine resulted from the defendant hospital's actions after the original credit report – when the hospital refused to correct the false information in the credit report. In the context of claims of false credit reports and defamation, where declining to rectify or withdraw an allegedly false statement can be an element of the cause of action, this was found to constitute purposeful conduct toward a Maine resident. See 2004 ME 11 ¶13, 855 A.2d at 1156. There is no comparable circumstance in this case.

In addition, the Law Court in Bickford was faced with a situation where declining jurisdiction would have required a Maine resident to retain North Carolina counsel and pursue litigation in North Carolina in order to remove a false credit report from his credit history even though he had not traveled to North Carolina or taken any action in North Carolina, had no apparent ties to North Carolina, and had not entered into any contractual relationship with any resident of North Carolina. In contrast, the plaintiff in this case owns a timeshare in New Hampshire and had traveled to New

---

[2] The court reserves decision on whether a different outcome would result if the cause of action sued upon was based upon the communications sent to Maine addresses.

3

Hampshire of her own accord at the time she sustained the injury which forms the basis for this suit.

The entry shall be:

Defendant's motion to dismiss for lack of personal jurisdiction is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September _29_. 2009

Thomas D. Warren
Justice, Superior Court

4

MARTHA GAYTHWAITE ESQ
PO BOX 4726
PORTLAND ME 04112

*plaintiff*

KENNETH PIERCE ESQ
PO BOX 7046
PORTLAND ME 04112

*Defendant*