ENTERED AUG 1 9 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-14-37
JON-YOR-08-11-14

BONNIE F. HALL, )
)
     Plaintiff, )
     v. ) ORDER
)
JONATHAN S. HALL, )
)
     Defendant. )

Before the court are the following motions: Plaintiff's Motion to Waive Alternative Dispute Resolution, Plaintiff's Motion for a Protective Order, Plaintiff's Motion to Consolidate, and Defendants Motion to Dismiss and for Judgment on the Pleadings.

I.     Plaintiff's Motion to Waive Alternative Dispute Resolution

Plaintiff moves the court to waive ADR on the basis that the parties have already participated in ADR two times, Plaintiff does not believe further mediation will facilitate any agreement, and Plaintiff believes that the only purpose mediation would serve would be to increase attorney fees. Defendant argues that ADR could be successful. Considering the two unsuccessful attempts, the court grants Plaintiff's Motion. The court will attempt to schedule a judicially assisted settlement conference in lieu of ADR.

II.     Plaintiff's Motion for Protective Order

Plaintiff moves the court for protective order limiting discovery to paper discovery with the exception of the deposition allowed in the companion action, CV-11-271. The Court has allowed four hours of deposition to be taken of Bonnie Hall in CV-11-271. Defendant contends that the actions are not so similar that Defendant could collect all necessary detail about both actions in the four hours allowed in CV-11-271. The court grants Plaintiff's Motion for Protective Order, however, the court allows four hours of

1

deposition by Defendant of Plaintiff Bonnie Hall on the issues underlying CV-14-37. After consolidation, the court permits Defendant to take eight total hours of deposition of Plaintiff Bonnie.

III.    Plaintiff's Motion to Consolidate

Plaintiff moves the court to consolidate the current action, an interference with expectancy claim against her brother, Jonathan Hall; with CV-11-271, an interference with expectancy claim brought by Jonathan against Bonnie and their brother Jeffrey Hall. Jeffrey assents to the motion. Plaintiff asserts that there are common questions of law and fact in both actions. Plaintiff asserts that consolidation will avoid duplication of discovery or trial efforts and will not cause prejudice. Because the foundational facts of the family dynamics will be the same in the two cases, and in the interest of judicial economy, the court grants Plaintiff's Motion to Consolidate. See M.R. Civ. P. 42.

IV.    Defendant's Motion to Dismiss and for Judgment on the Pleadings

Defendant moves the court to dismiss for lack of jurisdiction. Defendant argues that the claims against Defendant, a New Hampshire resident, are of undue influence in Massachusetts, and that there are no assertions of wrongful acts in Maine.

On a motion to dismiss, the court must take the facts as pled in the complaint to be true.

> In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of this litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995) (citing Interstate Food Processing Corp., 622 A.2d at 1191; Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1036 (Me.1986); Foreside Common Dev. Corp. v. Bleisch, 463 A.2d 767, 769

2

(Me.1983)). The burden is on the plaintiff to demonstrate that the first two conditions are met, and then the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would fail to comport with fair play and substantial justice. Commerce Bank & Trust Co. v. Dworman, 2004 ME 142, ¶ 14, 861 A.2d 662. The Plaintiff must meet its burden using "specific facts in the record," but the court will interpret the record in the light most favorable to the plaintiff. Bickford v. Onslow Mem'l Hosp. Found., Inc., 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155. When, as in this instance, the court decides the jurisdiction question simply on the affidavits and pleading of the parties, the plaintiff only needs to make a prima facie showing of jurisdiction. Dorf v. Complastik Corp., 1999 ME 133, ¶ 14, 735 A.2d 984.

To determine whether personal jurisdiction may be exercised, the court will apply the minimum contacts requirement as enunciated in International Shoe Co. v. Washington, 326 U.S. 310 (1945). See Dworman, 2004 ME 142, ¶ 14, 861 A.2d 662. The Supreme Court has held that "For a State to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum state." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). The Court specified that the relationship between the Defendant and the forum State "must arise out of contacts that the 'defendant *himself*' creates with the forum State . . . ," and the court's analysis must examine "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 1122 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985))(emphasis in the original).

A. Maine's Legitimate Interest

3

In determining whether or not Maine has a legitimate interest in the subject matter of the litigation, the Law Court has qualified that "[a]lthough Maine has an interest in providing its citizens with a means of redress against nonresidents, an interest beyond mere citizenry is necessary, such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its border." Murphy v. Keenan, 667 A.2d 591, 594 (Me. 1995) (citations omitted.)

The current case concerns the influence Defendant held over his father, a longtime Maine property owner who spent much of the year in Maine. While Plaintiff may be the only party that resides all year in Maine, Defendant and the parties' father both spent much of the year in Maine at the family property. Because much of the history of the family and the case occurred in Maine, Maine has an interest in the outcome of the litigation.

B. Purposeful Availment

In order to find that a party should anticipate the possibility of litigation in Maine, the court has found that a party "must purposefully avail oneself of the privilege of conducting activities within the jurisdiction and benefit from the protection of its laws." Dworman, 2004 ME 142, ¶ 16, 861 A.2d 662, 667 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985)). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Walden v. Fiore, 134 S. Ct. 1115, 1123 (2014) (quoting Burger King, 471 U.S. at 475 (internal quotation marks omitted)).

"A defendant's activities are sufficient to establish minimum contacts when (1) the activities of the defendant have been directed at the forum's residents; (2) the defendant deliberately engages in significant activities in the forum; or (3) the defendant creates

4

continuing obligations between itself and residents of the forum." Cavers v. Houston McLane Co., Inc., 2008 ME 164, ¶ 24, 958 A.2d 905.

The effect in Maine of an out-of-state act is one factor to be analyzed as a part of the minimum contacts test. Bickford, 2004 ME 11, ¶ 12, 855 A.2d 1150 (quoting *Murphy*, 667 A.2d at 595). "'[T]he commission outside the forum state of an act that has consequences in the forum state is *by itself* an insufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state.'" Id. Defendant asserts that the alleged actions that gave rise to this case could only have occurred in Massachusetts. Plaintiff disagrees and alleges that even if the undue influence occurred in Massachusetts, Defendant has numerous contacts in Maine. Defendant spent a significant amount of time in the state at the family property in Kennebunk and Defendant has availed himself of the judicial system by bringing actions in the Maine courts concerning the Kennebunk property. The court finds that Defendant deliberately engaged in significant activities in Maine and created continuing obligations between himself and residents of Maine. Defendant has benefitted from the protection of laws in Maine and could have reasonably anticipate litigation in Maine.

C. Fair Play and Substantial Justice

The last factor to consider is whether Maine's exercise of jurisdiction "comports with traditional notions of fair play and substantial justice." Dworman, 2004 ME 142, ¶ 14, 861 A.2d 662. "This analysis requires consideration of 'a variety of factors including the nature and purpose of defendant's contacts with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state . . . , and the convenience and fairness to both parties.'" Cavers, 2008 ME 164, ¶ 36, 958 A.2d 905 (quoting Labbe v. Nissen Corp., 404 A.2d 564, 570 (Me.1979). Defendant argues that the witnesses to the litigation are in Massachusetts, and that the

5

laws that properly govern the litigation are those of Massachusetts. Because the court has found Defendant has sufficient contacts with the state, because the dispute partially concerns the Kennebunk property, and because Defendant has brought a case in Maine which is based upon similar foundational facts, the court finds that this case is fairly brought in Maine. The court finds that the court has jurisdiction over the person of Defendant. Defendant's Motion to Dismiss is Denied.

V.    Conclusion

Plaintiff's Motion to Waive Alternative Dispute Resolution is GRANTED. The court will attempt to schedule a judicial settlement conference.

Plaintiff's Motion for a Protective Order is GRANTED, not withstanding that Defendant may depose Plaintiff for four additional hours concerning the facts of CV-14-37, totaling eight hours of deposition after consolidation with CV-11-271.

Plaintiff's Motion to Consolidate is GRANTED.

Defendants Motion to Dismiss and for Judgment on the Pleadings is DENIED.

DATE:    8/11/14

_____
John O'Neil
Justice, Superior Court

6

CV-14-037

ATTORNEY FOR PLAINTIFF:
GREGORY MCCULLOUGH
MCCULLOUGH LAW OFFICES
PO BOX 910
SANFORD ME 04073-0910


ATTORNEY FOR DEFENDANT:
DAVID TURESKY
LAW OFFICE OF DAVID TURESKY
477 CONGRESS STREET STE 400
PORTLAND ME 04101


CONSOLIDATED WITH CV-11-271

ATTORNEY FOR PLAINTIFF:
DAVID TURESKY
LAW OFFICE OF DAVID TURESKY
477 CONGRESS STREET STE 400
PORTLAND ME 04101

ATTORNEYS FOR DEFENDANT BONNIE FRASER HALL:
GREGORY MCCULLOUGH & RANDA A CAPPONI
MCCULLOUGH LAW OFFICES
PO BOX 910
SANFORD ME 04073-0910

ATTORNEYS FOR DEFENDANT JEFFREY H HALL:
MICHAEL J O'TOOLE & JAMES B SMITH
WOODMAN EDMANDS DANYLIK AUSTIN SMITH JACQUES
PO BOX 468
BIDDEFORD ME 04005-0468